PETER A. FITZGERALD

*vs.*

THE INTERNATIONAL PAPER COMPANY.

Franklin.    Opinion February 28, 1902.

*Assumpsit.   Services.   Legal Day's Work.   Extra Hours.   R. S., c. 82, § 43.*

1.  Under R. S., c. 82, § 43, declaring ten hours of actual labor to be "a legal day's work unless the contract stipulates for a longer time," the stipulation need not be expressed, nor made before the work is begun. It is enough if it appears, from the circumstances and the conduct of the parties, that they understood that more than ten hours of labor was to be performed each day for the agreed wages per day.

2.  Where a laborer hires to work as one of the crew of a pulp mill which to his knowledge is run through to the twenty-four hours, with one day-crew and one night-crew, alternating each week, and he works in such crew more than ten hours each day, and receives weekly his per diem pay as agreed without claiming more, it can be reasonably inferred that he agreed to work more than ten hours a day, and he cannot afterward recover pay for the extra hours.

On report.   Judgment for defendant.

Assumpsit on the following account annexed:—

" International Paper Company,

To Peter A. Fitzgerald, Dr.

1900.

March 29,    To 375 hours' labor in pulp mill at Jay
    to            Bridge, equal 37½ days of 10 hours
Dec.   24.      each at $1.50-1.00 per day,            $56.25."

The writ also contained an omnibus count accompanied by a specification that plaintiff would offer the same evidence in support thereof as would be offered in support of the account annexed, averring that they were for the same cause of action.

The facts appear in the opinion.

*B. E. Pratt,* for plaintiff.

*W. H. Newell* and *W. B. Skelton,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, FOGLER, PEABODY, JJ.

FOGLER, J.    Revised Statutes, ch. 82, § 43, is as follows:

"Sec. 43.    In all contracts for labor, ten hours of actual labor are a legal day's work, unless the contract stipulates for a longer time; but this rule does not apply to monthly labor or to agricultural employments."

The plaintiff, who was employed by the defendant company as a laborer in its pulp mill from March 29, 1900, to December 24, 1900, brings this action to recover payment for labor alleged to have been performed by him over hours, or in excess of ten hours per day each and every day during the entire period in which he was so employed.

The agreed wages to be paid to the plaintiff was one dollar and fifty cents per day.    There was no stipulation in words at the time of the hiring as to the number of hours which should constitute a day's work.    The mill was run constantly during each twenty-four hours, there being a day-crew and a night-crew of men.    The day-crew came on at seven o'clock in the morning and quit work at six o'clock in the afternoon, having an hour off for dinner.    The night-crew commenced at six o'clock in the evening and left at seven o'clock in the morning having an hour off for lunch.    The men alternated each week in their work, those who worked in the daytime one week working in the night-time the succeeding week and vice versa.    The plaintiff worked in this manner during the term of his employment.    He testified that he knew when he begun work that there were two crews, one working by day and the other by night.    The plaintiff, as did the other workmen, received his pay weekly at the rate of one dollar and fifty cents for each day in which he had been employed during the week.    At no time of payment did he complain or object that he had not received the correct amount due him.    He made no claim for payment for labor performed in over hours until after his employment had terminated.

As before stated, there was no stipulation in words between the parties as to the number of hours which should constitute a day's

·labor. But, as stated in *Gallagher* v. *Hathaway Manuf. Corp.*, 172 Mass. 230, an agreement is express none the less that it is expressed by conduct and not by words.

The case comes here on report. The court is to determine the fact as well as the law. We are satisfied that the contract between the parties, so far as it relates to the hours of labor, is evidenced by the conduct of the plaintiff. He knew that the mill ran constantly, day and night, and that the hands employed were required to work more than ten hours of each twenty-four hours. With such knowledge he accepted the employment. He seems to have worked over ten hours per day as a matter of course, as incident to his employment and without the special request of the company or its agents; he made no objection or complaint on account of his being required to work beyond ten hours; he received his weekly per diem pay without protest or complaint; he, at no time during his employment demanded or claimed extra pay for the past, nor gave notice that he should claim it in the future. The conclusion is almost irresistible that his understanding of the contract of employment was that his wages agreed upon should be in full for all services performed by him each day, though the day's work should exceed ten hours, and we accordingly hold that the action is not maintainable.

The conclusion is not in conflict with the decision in *Bachelder* v. *Bickford*, 62 Maine, 526, cited by plaintiff's counsel. There the plaintiff was employed to labor in a grist mill. At times it was necessary to run the mill all night. It was customary when a man wrought all night for him to lay off the next day, the night work counting for a day's work. The plaintiff, during the time of his employment, worked at his employer's request thirty-two nights, but in no instance laid off the next day but worked all day.

The court held that the plaintiff was entitled to recover for his all night labor, each night counting as a day.

*Judgment for defendant.*