COMMONWEALTH *vs.* LANCASTER MILLS.

Worcester.     May 20, 1912. — June 18, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Labor. Weaving Fines. Words, "Fine."*

In St. 1911, c. 584, providing that "no employer shall impose a fine upon an employee engaged at weaving for imperfections that may arise during the process of weaving," the word "fine" must be taken to mean merely a penalty, arbitrarily inflicted by the employer upon an employee for an imperfection in weaving without regard to whether the imperfection arose from any fault of the employee, by a deduction from the amount of the wages to which the employee is entitled by his contract of employment, whether that amount has been determined by the value of his work or by a fixed rate of compensation.

Where, at the trial of a complaint for an alleged violation of St. 1911, c. 584, which prohibits the imposition by an employer upon an employee engaged at weaving of a "fine" for imperfections that may arise during the process of weaving, it appears that before the alleged offense the employee had been in the employ of the defendant for several months, that there was posted in the room where he worked a "price list for weaving" setting forth the prices to be paid employees for "first quality" and for "second quality" cloth, from which it appeared that for the "second quality" one half as much was paid as for "first quality," that the employee was working with knowledge of the terms of his employment as set forth in the list and had accepted them, that the work of the employee which gave rise to the commission of the alleged offense was examined by competent inspectors whose fairness was not questioned, and that they found that it was of "second quality" and that the employee was responsible for that condition. The employee thereupon was paid at the rate agreed upon for "second quality" production, which was the alleged offense. The amount by which the employee's wages were decreased as the result of the classification of the qualities of the cloth was less than the loss to the defendant resulting from the production of "second

<hr>

quality" cloth. *Held,* that the defendant had not imposed a "fine" as prohibited by the statute, and that a verdict should have been ordered for him.

St. 1911, c. 584, does not repeal St. 1909, c. 514, §§ 114–116.

COMPLAINT, received and sworn to in the Second District Court of Eastern Worcester on December 21, 1911, charging a violation on December 12 of St. 1911, c. 584, in that the defendant, "being an employer of labor did impose a fine of seventy-one cents upon Henry Dilling, an adult employee engaged at weaving" in its mills at Clinton "for imperfections arising during the process of weaving."

The case was tried before *Hall,* J., upon an agreed statement of facts substantially as follows:

During the week ending December 2, 1911, Dilling was employed as a weaver of cloth by the defendant and had been so employed for several months. Posted in the weaving room where Dilling worked and forming the basis of compensation for weaving, were placards entitled "Price List for Weaving," which stated the price paid to the employees for "first quality" and for "second quality" of various kinds and sizes of cloth there woven. The price for "second quality" was in each case one half of the price for "first quality." When Dilling was paid for weaving done during the week ending December 2, 1911, it was found by competent inspectors that a certain portion of his work came within the class of work known as second quality, and that the weaver was responsible for such condition. He was paid at the rates named in the posted notice for such work as he had produced of first quality, and for such work as he had produced of second quality. It was not contended that there was any unfairness in the grading of the work or that Dilling was not paid properly on the basis of the posted schedule. Dilling could read and write, and was working with knowledge of the terms of his employment as set forth by the notice and had accepted them. The amount by which the wages were decreased as a result of the classification was less than the loss to the defendant resulting from the production of second quality cloth by the weaver.

The defendant asked the judge to rule, "that the jury be instructed that on the evidence as presented the defendant as matter of law must be found not guilty" and to "order a verdict accordingly;" and, "that the action of the defendant corporation

upon the agreed statement of facts did not constitute a 'fine' within the meaning of the above-named statute."

The judge refused so to rule and ruled that the acts described were in violation of St. 1911, c. 584, and that a verdict of guilty was warranted. Such verdict having been returned the defendant alleged exceptions.

The case was submitted on briefs.

*R. Olney & C. G. Bancroft,* for the defendant.

*J. A. Stiles,* District Attorney, *& E. T. Esty,* Assistant District Attorney, for the Commonwealth.

SHELDON, J. It is provided by St. 1911, c. 584, that "No employer shall impose a fine upon an employee engaged at weaving for imperfections that may arise during the process of weaving." Looking at the earlier statute of 1891, c. 125, § 1, and at the decision in the case of *Commonwealth* v. *Perry,* 155 Mass. 117, we are of opinion that the word "fine" in the later statute must be taken to mean merely the arbitrary imposition of a penalty for an imperfection in weaving by a deduction from the amount of the wages to which the employee is entitled by his contract of employment, whether that amount has been determined by a *quantum meruit* or by a stipulation for a fixed rate of compensation. It is intended to prevent the employer from imposing a penalty for an imperfection in the finished product, whether or not due to the fault of the employee, and enforcing its collection by deducting it from what has become due to the employee. So construed, as was said by this court in *Commonwealth* v. *Perry, ubi supra,* on pages 120, 121, it could perhaps be sustained as a valid police regulation. See *Opinion of the Justices,* 163 Mass. 589; *Squire* v. *Tellier,* 185 Mass. 18, 20; *Commonwealth* v. *Strauss,* 191 Mass. 545, 550, *et seq.*; *Mutual Loan Co.* v. *Martell,* 200 Mass. 482, 484; *Opinion of the Justices,* 208 Mass. 619. But that question is not presented.

In the case at bar, it could at any rate have been found that the weaver had received exactly the wages for which he had contracted. The system adopted by the defendant was within the authority given by St. 1909, c. 514, §§ 114–116, and it is not contended that any of the requirements of those sections have been violated. The act of 1911 does not purport to repeal any of those provisions, and it is not necessary to construe it as having that effect.

If the present act did repeal the provisions of St. 1909, c. 514, above referred to, and went to the full extent for which the Com-

monwealth has contended in this case, it would be difficult, without overruling *Commonwealth* v. *Perry*, 155 Mass. 117, to maintain its constitutionality.

The rulings requested by the defendant should have been given. *Gallagher* v. *Hathaway Manuf. Co.* 172 Mass. 230.

*Exceptions sustained.*