Morris Perlman

*vs.*

Skolnick Building Corporation.

Cumberland.   Opinion, September 28, 1944.

*Berman & Berman,* Portland,

*Sidney W. Wernick,* for the plaintiff.

*Bernstein & Bernstein,* for the defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

STURGIS, C. J.   In this action Morris Perlman, an engineer for the Skolnick Building Corporation engaged in the construction of Federal Housing Project, Me., 17038 at South Portland, Maine, recovered a verdict and the defendant corporation brings forward its general motion for a new trial.

The plaintiff was employed in New York on October 3, 1942 for an indeterminate period at an agreed wage of $100 a week for two weeks and $125 a week thereafter and on a forty-eight hour weekly basis with time and one-half for overtime, arrived in South Portland three days later and worked until June 9, 1943 when he was given a check for his last week's pay and discharged. The next day he returned the check with a demand for $760.34 for alleged services in New York, traveling expenses to South Portland, overtime on Sundays and holidays, and his last week's pay. He then made oath to this claim reduced to $746.31 by the elimination of traveling expenses, filed it with the federal engineer in charge, and on the refusal of his employer to honor his demands increased his claim to $1,738.29 by making minor changes in some items and adding charges of $971.10 for evening overtime work, and brought suit. On trial a verdict of $1,305.66 was returned by the jury.

In the court below the plaintiff testified that he worked

three days in New York before he came to South Portland, was promised free transportation and, beginning with the first week after he arrived, worked Sundays and holidays on the job, Sundays and evenings at home studying his field notes making computations and revising and correcting plans, and regular hours through the last week he was employed and for all this he had not been paid. While the plaintiff's statement that he worked three days in New York and was promised his traveling expenses is categorically denied and open to doubt the allowance of these charges, correctly computed, cannot be rejected as manifestly wrong. He is also entitled to recover his last week's wages which, subject to required social security and federal tax reductions, remain unpaid. But, in so far as the verdict below included the plaintiff's charges for overtime on Sundays, holidays and evenings, it has no reasonable warrant in the evidence.

It is clearly established that the plaintiff was expressly forbidden to work on the job on Sundays unless directed to do so and for those authorized he was paid. No more does he justify his charges for time and one-half on Christmas and New Years for which, although he was not required to work, he received regular pay. And his claim, that he worked the many Sundays and evenings at home alleged in his declaration, is entitled to as little credence. While it may have been convenient and perhaps profitable for this engineer to now and then finish his day's work or prepare for the morrow on Sundays and evenings at home, that this occurred day in and day out and week after week, bears neither the impress of reason or probability. Necessity for any substantial amount of extra work of this kind cannot be found in the record and his assertions that he performed it have no confirmation of convincing worth. The memorandum of his time which he exhibits on its face refutes its verity as a record of original entries, and his witnesses through lack of knowledge are as unimpressive.

But assuming that the plaintiff did work Sundays and evenings at home as he alleges in his pleadings and on the stand, he cannot on this record recover pay for that service in addition to his regular wages. He not only does not show that any responsible officer of the Skolnick Building Corporation knew that he was working at home and agreed to pay him for it as overtime, but his conduct leaves no doubt that he understood any such work would be covered by his regular wages and for it he expected no extra compensation. The disclosure of the record that without protest he accepted the pay tendered him each week, which did not include this overtime, and never claimed it until he was discharged and then in inconsistent and pyramided demands, leads irresistibly to that conclusion and compels rejection of this part of the plaintiff's demand. *Fitzgerald* v. *Paper Company*, 96 Me., 220, 52 A., 655; *Robinette* v. *Hubbard Coal Min. Co.*, 88 W. Va., 514, 107 S. E., 285, 25 A. L. R., 212; 35 Am. Jur., 499nn; 39 Corpus Juris, 157nn.

Although the general verdict returned in this case shows on its face that some of the plaintiff's claims for compensation were rejected and those allowed are not defined it exceeds the aggregate of all for which he can here recover and must be set aside.

*Motion sustained.*
*New trial granted.*