EDMUND BLISS *vs.* JAMES E. JOHNSON, administrator.

Hampden.　September 26, 1894. — October 25, 1894.

Present: ALLEN, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Evidence of the Financial Reputation of the Lender of Money — Promissory Note signed by a Mark — Instructions.*

While in an action for money lent, or in an action on a promissory note where the consideration is money lent, the defendant may show that the person claiming to have lent the money had no money to lend, and may show his financial condition, he cannot introduce evidence of his financial reputation.

In an action on a promissory note payable to the plaintiff on demand, and purporting to be signed by the defendant's intestate by his mark, the judge refused to instruct the jury, at the defendant's request, that the evidence from the paper itself should be given less weight than would attach to it if it purported to bear the genuine signature of the plaintiff's intestate, and instructed them that while he could not say, as matter of law, that the note would not carry as much force as if the intestate had signed it himself, if he were able to write his name, still it was a circumstance for them to take into account in passing upon the evidence. *Held,* that the ruling given was sufficiently favorable to the defendant, and that, if the jury were satisfied that the note was executed by the intestate by his affixing his mark to it, it could not be said, as matter of law, that it should be given less weight than if he had signed his name to it.

LATHROP, J. This is an action on a promissory note, dated June 26, 1875, for $1,000, payable to the plaintiff on demand, and purporting to be signed by the defendant's intestate by her mark, in the presence of an attesting witness. The defence is that the note was not made by the intestate. On this issue the defendant was allowed to put in evidence tending to show that the plaintiff was not a person of means; that his real estate was mortgaged for its full value; that he was a frequent borrower of money in small sums, and at one time was refused a loan of $900, because he had no security to offer excepting a second mortgage on real estate. The defendant was also allowed to

introduce in evidence any facts concerning the plaintiff's financial condition.

The first exception is to the refusal of the court to allow a witness called by the defendant to testify " what the plaintiff's reputation was as to being financially hard up and embarrassed at the time when the note purported to have been given." We are of opinion that this question was properly excluded.

In an action for money lent, or in an action on a promissory note where the consideration is money lent, it is competent for the defendant to show that the person claiming to have lent the money had no money to lend, and his financial condition may be shown. *Stebbins* v. *Miller*, 12 Allen, 591, 597. *Winchester* v. *Charter*, 97 Mass. 140. *Woodward* v. *Leavitt*, 107 Mass. 453, 458. *Higgins* v. *Andrews*, 121 Mass. 293. *Costello* v. *Crowell*, 133 Mass. 352. *Demeritt* v. *Miles*, 22 N. H. 523. *Wiggin* v. *Plumer*, 31 N. H. 251. *Dowling* v. *Dowling*, 10 Ir. C. L. 236.

In none of these cases was any attempt made to introduce evidence of the financial reputation of the lender; and we have found no case where such evidence has been admitted on the issue of the making of a loan. " Reputation," as said by Le Blanc, J., in *Higham* v. *Ridgway*, 10 East, 109, 120, " is no other than the hearsay of those who may be supposed to have been acquainted with the fact, handed down from one to another." The general rule is that hearsay evidence is to be excluded. To this rule there are certain well defined exceptions; but the case at bar does not fall within any of them.

There is a class of cases relied upon by the defendant, where evidence of reputation has been admitted, namely, where a conveyance is sought to be set aside as a fraudulent preference, and the question is whether the grantee had reasonable cause to believe that the grantor was solvent or insolvent at the time of the making of the conveyance. Here the inquiry is as to the state of mind or belief of the grantee, and it is said that any evidence is competent which tends to show the existence of such facts or circumstances as would naturally influence the mind of an honest and reasonable man in forming a conclusion in relation to the subject matter involved in the issue. *Carpenter* v. *Leonard*, 3 Allen, 32, per Bigelow, C. J. Another reason is stated by Mr. Justice Metcalf in *Bartlett* v. *Decreet*, 4 Gray, 111, 113,

who says that the testimony is admissible on the ground " that men's belief, as to matters of which they have not personal knowledge, is reasonably supposed to be affected by the opinions of others who are about them." See also *Lee* v. *Kilburn,* 3 Gray, 594; *Heywood* v. *Reed,* 4 Gray, 574; *Whitcher* v. *Shattuck,* 3 Allen, 319. And in *Sweetser* v. *Bates,* 117 Mass. 466, it was held that in such a case the general reputation of all the parties to the transaction, as to their credit and pecuniary responsibility, was properly admitted.

The case of *Buswell Trimmer Co.* v. *Case,* 144 Mass. 350, falls within the same exception. The action was replevin of a machine. The evidence was conflicting on the point whether the plaintiff delivered the machine on an absolute sale on credit, or on a conditional sale　Evidence that the purchaser's reputation for financial ability was poor was held to be competent to show that it was probable that credit was not given to him. See also *Lee* v. *Wheeler,* 11 Gray, 236.

The remaining exception relates to the refusal of the court to give the following instruction to the jury, requested by the defendant : " The evidence arising from the paper itself should be given less weight than would attach to it if it purported to bear the genuine signature of Mrs. Johnson." On this point the jury were instructed as follows : " The note does not purport to be signed on its face by Mrs. Johnson, by her writing her name. There is evidence tending to show that she could not write her name. While I cannot say, as matter of law, that it would not carry as much force as if she had signed it herself, as if she was able to write her name, still it is a circumstance for you to take into account in passing upon the evidence."

The ruling given was sufficiently favorable to the defendant. If the jury were satisfied that the note was executed by Mrs. Johnson by her affixing her mark to it, it could not be said, as matter of law, that it should be given less weight than if she signed her name to it.

*Exceptions overruled.*

*J. E. Dunleavy & C. L. Gardner,* for the defendant.
*E. H. Lathrop,* for the plaintiff.