ERASTUS WORTHINGTON, JR. *vs.* PLYMOUTH COUNTY RAILROAD COMPANY.

Norfolk. March 4, 1897. — May 22, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Contract — Evidence — Presumption against Gratuitous Service.*

At the trial of an action to recover for engineering work performed in laying out, locating, and determining the permanent location of a railroad, under a written agreement whereby the plaintiff was to receive three thousand dollars in monthly instalments proportional to the amount of work done, until the whole work of location should be finished and the whole sum paid, and where there was no controversy that the work was seasonably done, a request for a ruling that no action would lie upon the agreement until the completion of the railroad, if it was built, or until the expiration of its charter, was properly refused, and the jury were properly instructed that by the terms of the contract the whole sum was due, and should have been paid when the plaintiff finished the work of fixing the location.

There is no presumption that work not ordinarily bestowed in charity is gratui-

tously performed, either for natural persons or for corporations, merely because at the time the recipient has no pecuniary resources, especially when the work is done for a railroad corporation empowered to construct a railroad for pecuniary gain.

CONTRACT, on a written agreement, and on an account annexed, to recover for services rendered as an engineer in laying out and locating the defendant's railroad, and in preparing the plans required for its construction.

The first count of the declaration alleged that, on February 11, 1895, the defendant entered into a written contract with the plaintiff for certain engineering work; that, in accordance with the terms thereof, the plaintiff made the surveys necessary to fix and determine the location of the defendant's road, and made the permanent location plans, and in all other respects performed the work required of him, wherefore there was due to him from the defendant, on April 6, 1895, the sum of three thousand dollars, which the defendant though requested refused to pay.

The second count alleged that on April 6, 1895, the defendant owed the plaintiff the sum of three thousand dollars, according to the terms of a written agreement entered into by them on February 11, 1895.

The third count alleged that, between January 2, 1895, and February 25, 1896, the plaintiff, at the request of the president of the defendant company, and in accordance with the orders and directions of the defendant made certain plans, profiles, estimates, and calculations, for which there was due to him according to an account thereto annexed the sum of $642.99.

The agreement referred to in the plaintiff's declaration, executed February 11, 1895, provided that, in consideration of the sums to be paid to the plaintiff by the defendant in the manner and at the time therein specified, the plaintiff agreed to perform all the engineering work, superintendence, and preparation of plans required in laying out, locating, and determining the permanent location of the Plymouth County Railroad Company, and in laying out, building and constructing the road-bed, tracks, sidings, bridges, stations, platforms, and other work provided for; that he would perform all such work under the direction and to the satisfaction of the directors, and render monthly statements of the amount of work done under each item of the contract; that,

in consideration of the faithful performance of his undertakings by the plaintiff, the defendant agreed to pay to him the sum of three thousand dollars, by paying each month such a proportion thereof as the work done by the plaintiff should bear to the whole amount of work to be done, until the whole work of location should be completed and the whole sum paid, and that his compensation for the engineering work and superintendence required in the work of construction was to be a sum equal to six per cent of the amount of work done under his supervision, payable monthly upon the amount of work so done during the previous month.

Answer as to each count a general denial, and as to the third count that, if the services were performed by the plaintiff, they were rendered by him gratuitously, without the intention on his part of charging for them, and without expectation on the part of the defendant of paying for them.

At the trial in the Superior Court, the president of the defendant company, called as a witness for the company, was asked whether before entering into the contract he had any conversation with the plaintiff as to the financial standing of the corporation, or informed him as to such financial standing. The question was excluded, and the defendant's counsel excepted, stating that he intended to prove that the plaintiff was informed of the financial condition of the corporation before and when the services charged in certain items of the third count were performed, and as applying to the defence that, if the services were performed, they were gratuitous.

At the close of the evidence, the defendant requested the judge to rule that the contract in writing was an entire contract, and no recovery could be had and no suit be commenced thereon until the completion of the construction of the railroad therein named, or, in case of no construction, until April 6, 1897, at which time the charter would expire if the road was not constructed.

*Dunbar*, J. declined to rule as requested, and instructed the jury that they would find by the agreement that the plaintiff agreed to do all the engineering work required in laying out, locating, and determining the permanent location of the defendant's railroad, and in the preparation of plans required for the determining and fixing of such location ; that such work was to

be done so that the plans could be filed on April 6, 1895, the date limited by the defendant's charter, and that for such work the defendant agreed to pay to the plaintiff three thousand dollars ; that it was not contended that the work was not done by the plaintiff, or within the proper time, so that the defendant was enabled duly to file its plans; and that if the plaintiff had received no compensation for his work he was entitled to recover.

The jury returned a verdict for the plaintiff ; and the defendant alleged exceptions.

*W. B. Grant,* for the defendant.

*R. M. Saltonstall,* for the plaintiff.

BARKER, J.  The ruling that no suit could be commenced and no recovery be had upon the written contract until the completion of the railroad, or, if the road was not built, until the defendant's charter expired, was properly refused.  The plaintiff agreed to do all the engineering work required in laying out, locating, and determining the permanent location of the railroad, and in the preparation of plans required for the location, and also to do all engineering work and superintendence required to lay out, build, and construct the road-bed, track sidings, bridges, stations, platforms, and other work provided for.  But his compensation for the work and plans required in making the location was fixed at the sum of three thousand dollars, and the defendant agreed to pay that sum by paying each month such a proportion thereof as the work done by the plaintiff should bear to the whole amount of work to be done, until the whole work of location should be finished and the whole sum paid, while his compensation for the engineering work and superintendence required in the work of construction was to be a sum equal to six per cent of the amount of work done under his supervision, and was to be paid monthly upon the amount of work so done during the previous month.  By the terms of the contract itself the three thousand dollars was wholly due, and should have been paid when the plaintiff finished the work required in fixing the location.

The exception to the ruling given upon this branch of the case must also be overruled.  It stated correctly the substance and legal effect of the contract, so far as the compensation of the plaintiff for his work in locating the railroad was concerned, and there being no controversy that the work had been seasonably

done by the plaintiff, it was correct to instruct the jury that, if the defendant agreed by the contract to pay the plaintiff three thousand dollars for the work, he was entitled to recover it in the action.

The other exception is to the exclusion of evidence. The first and second counts were for breach of the contract. In the third count the plaintiff sought to recover for certain work done at the defendant's request, outside of the written contract. One of the defences to this count was, that, if the services were performed they were performed gratuitously, without intention on the part of the plaintiff of charging for them, and without expectation on the part of the defendant of paying for them. This count was submitted to the jury, and a recovery upon it is included in the verdict.

The president, being called as a witness for the defendant, was asked whether before entering into the contract he had any conversation with the plaintiff as to the financial standing of the corporation, and whether he informed the plaintiff as to its financial standing. The question was excluded, the defendant's counsel stating that he intended to prove that the plaintiff was informed of the financial condition of the corporation before and when the services charged in certain items of the third count were performed, and as applying to the defence that if the services were performed they were gratuitous.

The defendant now contends that the evidence was admissible upon the counts upon the written contract, and upon the third count. Upon the first part of the contention it would be enough to say that the bill of exceptions shows that the evidence was offered only as affecting certain specified items of the account annexed to the third count. Besides this, as applied to the counts upon the written contract, the evidence was inadmissible as tending to contradict the writing, which in explicit terms promised payment for the services to be rendered under it.

We are of opinion that the evidence was properly excluded. If we assume that at the time to which the testimony offered was directed the corporation had no assets, that state of facts is consistent with the expectation that services rendered to the corporation should be paid for. It is not to be presumed that work which is not ordinarily bestowed in charity is gratuitously per-

formed, for either natural persons or for corporations, merely because at the time the recipient has no pecuniary resources. Still less does such a presumption obtain when the work is done for a quasi public corporation, empowered to construct for the pecuniary gain of its members a railroad for which a public exigency must have been found to exist.  See *Bliss* v. *Johnson,* 162 Mass. 323 ; *Clark* v. *Fletcher,* 1 Allen, 53, 56 ; *Burke* v. *Kaley,* 138 Mass. 464.                        *Exceptions overruled.*