CHARLES A. MARCY *vs.* SHELBURNE FALLS AND COLRAIN
STREET RAILWAY COMPANY.

Franklin.   September 19, 1911. — October 21, 1911.

Present: RUGG, C. J., HAMMOND, LORING, & BRALEY, JJ.

*Contract,* Implied.  *Evidence,* Materiality, Of state of mind.  *Practice, Civil,* State-
ments of counsel, Exceptions, Ordering verdict, Judge's charge.  *Evidence,* Presump-
tions and burden of proof.  *Corporation,* Officers.

At the trial of an action against a street railway corporation to recover compensation
for alleged special services rendered by the plaintiff when he was the defendant's
president and one of its directors, a statement by the plaintiff's counsel in his
opening to the jury, that the plaintiff's claim is based upon a contract with the
defendant express as to employment although not as to price, does not preclude
the plaintiff from relying upon a contract implied from the facts, if he can prove
them, that he performed services of value to the defendant with the expectation
on his part of compensation and under such circumstances as ought to have led
the directors of the defendant as reasonable men to think that the services were
to be paid for.  In the present case the plaintiff failed to prove such facts and a
verdict for the defendant was sustained.

At the trial of an action against a street railway corporation for the reasonable value
of alleged special services rendered by the plaintiff when he was the defendant's
president and one of its directors, the plaintiff excepted to the admission of testi-
mony of directors of the defendant to the effect that they did not understand nor
expect that the plaintiff was to be paid, and that his services were rendered in
the capacity of president or director.  *Held,* that the evidence was admitted
properly, because, although the opinion of the directors was not material and
their undisclosed purpose could not bind the plaintiff, their understanding at the
time the services were rendered was relevant to show their expectation and
knowledge, which in connection with all other attendant conditions bore upon
the relations of the parties and the question whether the representatives of the
defendant understood or as reasonable men ought to have understood that the
services were performed outside those due from the plaintiff as president and
director and were to be paid for.

In an action of contract, where the jury has returned a general verdict for the
defendant, an exception by the plaintiff to the exclusion of evidence, which, if
competent, related only to the amount of money due to the plaintiff, is made
immaterial by the verdict.

At the trial of an action of contract, where upon issues of fact the evidence is con-
flicting and the burden of proof rests on the plaintiff, the jury must pass upon the
credibility and the weight of the testimony and a request that a verdict be or-
dered for the plaintiff manifestly should be refused.

At the trial of an action against a street railway corporation for the reasonable value
of alleged special services rendered by the plaintiff when he was the defendant's
president and one of its directors, there is no error in a refusal of the presiding
judge to instruct the jury, that corporations may incur contractual liability by
implication to the same extent as an individual, because, assuming that this is

correct as an abstract proposition, it is not properly applicable to an action for compensation for services rendered by one who is the president and a director of the corporation sued, it being a matter of common knowledge that valuable services frequently are rendered to business, banking, insurance and public service as well as to charitable corporations by their president and directors under circumstances which are inconsistent with any presumption that compensation is to be paid.

The acceptance of valuable services or material benefits does not create an implied promise to pay for them where the services performed or the benefits conferred were intended to be gifts.

At the trial of an action against a street railway corporation for the reasonable value of alleged special services rendered by the plaintiff when he was the defendant's president and one of its directors, instructions to the jury are correct which state in substance, that, if the plaintiff at the time he rendered the services had no intention to claim compensation, there can be no recovery, but that, if the plaintiff's services were rendered with the expectation of pay and were accepted under such conditions that the officers of the defendant as reasonable men ought to have understood that they were to be paid for, there can be a recovery of the amount of their reasonable worth.

At the trial of an action against a street railway corporation for the reasonable value of alleged special services rendered by the plaintiff when he was the defendant's president and one of its directors, where there is ample evidence from which the jury may find that the attempt on the part of the plaintiff to collect pay for his services was an afterthought and that at the time of doing the work he did not contemplate making any charge for it, it is proper for the judge in his charge to the jury to refer to the circumstances shown by the evidence and to give illustrations of the grounds on which it might be inferred that the services were rendered gratuitously.

Rugg, C. J.    This is an action of contract by which the plaintiff seeks to recover for alleged special services rendered to the defendant while he was its president and a member of its board of directors. Although the plaintiff's claim was stated by his attorney in opening to be based upon a contract with the defendant, express as to employment but not as to price, the case seems to have been tried on the general ground that the plaintiff might recover if he proved either an express contract of employment, or the performance of services of value to the defendant with the contemporaneous expectation on his part of compensation under such circumstances as ought to have led the directors of the defendant as reasonable men to think that they were to be paid for.    The opening of counsel did not preclude the plaintiff from relying upon an implied contract, if the evidence proved one. *Harrington* v. *Baker*, 15 Gray, 538.    The jury returned a verdict for the defendant.*

---

* The plaintiff alleged exceptions, which were allowed by *Schofield, J.*, who presided at the trial.

Testimony was admitted from directors of the defendant to the effect that they did not understand nor expect that the plaintiff was to be paid, and that his services were rendered in the capacity of president or director. The point in dispute upon this branch of the case was whether the representatives of the defendant in fact did understand or ought as reasonable men to have understood that the services were performed outside those due from the plaintiff as holding these offices, and were to be paid for. While the opinion of the directors was not material, their understanding at the time the events occurred was in one respect relevant. While their undisclosed purpose could not bind the plaintiff, their expectation and knowledge in connection with all other attendant conditions bore upon the relations of the parties and the existence of a definite agreement of employment. When the state of mind of a person is material, his testimony as to the subject is competent. *Carriere* v. *Merrick Lumber Co.* 203 Mass. 322. There is nothing inconsistent with this view in the discussion in *Marks* v. *Metropolitan Stock Exchange*, 181 Mass. 251, at 254, 255.

The plaintiff offered evidence of the annual reports made under oath to the Commonwealth showing the improved financial condition of the road during the period for which the plaintiff claimed compensation. The evidence was excluded. The only bearing, which this evidence, if competent, would have had, was upon the amount due to the plaintiff. The general verdict of the jury for the defendant renders this exception immaterial.

The first request for instructions, to the effect that a verdict for the plaintiff be ordered, manifestly should not have been given. An affirmative burden of proof as to issues of fact rested upon the plaintiff. The credibility and weight of the evidence he proffered was plainly for the jury.

The second request, to the effect that corporations may in general incur contractual liability by implication to the same extent as an individual, while perhaps sound as an abstract proposition (*Melledge* v. *Boston Iron Co.* 5 Cush. 158, 175, *North Anson Lumber Co.* v. *Smith*, 209 Mass. 333), was not precisely applicable to the facts in evidence. The plaintiff was himself a director and the president of the defendant corporation, and the same implied obligation to pay for services performed would not

arise in favor of such an officer to the extent that they would in favor of a third person.  *Sawyer* v. *Pawners' Bank*, 6 Allen, 207.  *Pew* v. *First National Bank of Gloucester*, 130 Mass. 391. It is common knowledge that valuable services are rendered frequently to business, banking, insurance and public service as well as to charitable corporations by their president and directors under circumstances which negative any presumption that compensation is to be paid.  So far as necessary to enable the jury to pass intelligently upon the question submitted to them, the law was correctly explained in the charge.

The other requests, directed in general to the point that an implied obligation would arise to pay for beneficial services, were properly refused, for the reason that they all omitted the material modification that there could be no recovery if the services of the plaintiff were rendered as a gratuity and without any intention on his part to exact payment.  There was considerable evidence, both direct and circumstantial, bearing upon this specific point.  Even for valuable services performed or material benefits conferred there can be no recovery if, by reason of charity, good will, public spirit or otherwise, they are intended as gifts.  The principles of law under which a contract might have arisen between the plaintiff and the defendant were correctly explained with sufficient amplification in the charge, and without violation of the principles set forth in *Worthington* v. *Plymouth County Railroad*, 168 Mass. 474, 478.

There was no error in the statement in the charge that "if an express contract requires a vote of the corporation . . . there is no express contract."  This was merely an exclusion of one of the ways in which an express contract might be proved.  It is not contended that there was any vote of the corporation.  There is nothing inconsistent with this in *Gallagher* v. *Hathaway Manuf. Co.* 172 Mass. 230, at 232, where another phase of the words "express" and "implied" as applied to contracts was adverted to.

The exception to the instruction that the jury had no right to find in favor of the plaintiff "as a matter of equity and fairness between him . . . and the corporation" must be overruled. This portion of the charge was given in connection with the general proposition that there could be no recovery if the plain-

tiff had no intent at the time he rendered the services to claim compensation. In other parts of the charge the jury were instructed in accordance with the principles laid down in *Pew* v. *First National Bank of Gloucester*, 130 Mass. 391, and *Bartlett* v. *Mystic River Corp.* 151 Mass. 433, to the effect that the services of the plaintiff, if rendered with expectation of pay and accepted under such conditions that the officers of the defendant as reasonable men ought to have understood that they were to be paid for, then there could be a recovery to the amount of their reasonable worth.

There was ample evidence, from which the jury might have found that the attempt on the part of the plaintiff to collect pay for his services was an afterthought, and that at the time he was doing the work he did not contemplate making any charge for it. Hence the portion of the charge referring to these circumstances and giving illustrations of the grounds of gratuitous service were germane to the issues.

It does not appear that any exception was taken to a portion of the charge in substance that, if the plaintiff's right to compensation was subject to any condition, there could be no recovery unless the condition had been complied with. But, if the point be treated as open, no error is shown. It may well be that an implied contract, such as seems to have been chiefly relied upon by the plaintiff, would be subject to the reasonable condition that a demand should be seasonably made. The rights of the plaintiff, in view of his position as director and president of the defendant company, were amply protected by the charge. *Von Arnim* v. *American Tube Works*, 188 Mass. 515. *Fitzgerald & Mallory Construction Co.* v. *Fitzgerald*, 137 U. S. 98. *Corinne Mill, Canal & Stock Co.* v. *Toponce*, 152 U. S. 405.

*Exceptions overruled.*

*W. A. Davenport*, for the plaintiff.

*D. Malone*, (*C. N. Stoddard* with him,) for the defendant.