STATE v. LEONARD LATIMER FENIMORE.

*(November* 23, 1942.)

LAYTON, C. J., RICHARDS and SPEAKMAN, J. J., sitting.

*Clair J. Killoran,* Deputy Attorney-General, for the State.

*H. Albert Young* for the defendant.

Court of Oyer and Terminer for New Castle County, No. 109, September Term, 1942.

LAYTON, C. J.: · I think that is correct, Mr. Killoran. The statute (5312, Rev. Code 1935) provides that the juror may be asked if he has formed *and* expressed any opinion in regard to the guilt or innocence of the prisoner at the bar; and I think it has been ruled directly more than once that the statutory form of question may not be altered. In one case (*State v. Roberts,* 2 *Boyce* 140, 78 A. 305, 309), the Attorney-General sought to change the form of the statutory question, asked of jurors by the prosecution, "Have you any objection to returning a verdict of guilty in a case where the punishment is death, if the evidence should so warrant," by adding the words, "the evidence being circumstantial." On objection the question was not allowed, the Court saying that it should adhere to the long prevailing practice and

procedure and permit only such questions as the statute authorizes, "and in the language of the statute."

I, myself, have long doubted the correctness of this ruling. It is manifest that if a prospective juror has formed an opinion that the accused is guilty of the crime charged, he is as much disqualified as if he had expressed his opinion. His mental attitude is the same in either case.

We are satisfied that the question may be asked in the form suggested by counsel for the accused, notwithstanding any prior ruling of this Court.

(Counsel for the defendant thereupon asked the following question of each juror:)

"Have you formed and expressed, or formed an opinion alone, in regard to the guilt or innocence of the defendant at the bar?"

Evidence of the accused's prior good reputation for peace, good order and observance of the law was offered. The jury were charged as follows:

LAYTON, C. J.:

The good reputation of an accused person, when proved, is a fact, like any other fact. But the jury should understand what reputation is. Reputation is not character. Character is what a person really is; reputation is what people think him to be. Common experience tells us that persons of excellent reputation commit crimes; and that persons of evil reputation are not always guilty of the crimes charged against them. So all that can be said with respect to evidence of good reputation is that, when proved to the satisfaction of the jury, it is a fact to be considered in connection with all other facts proved, and should be given just that weight, much, little or none, as the jury think it is entitled to have.