**ONE 1951 CHEVROLET PICKUP TRUCK, MOTOR NO. JBA504187 et al.**

v.

**UNITED STATES.**

No. 14745.

United States Court of Appeals Fifth Circuit.

May 6, 1954.

Lee B. Agnew, Jackson, Miss., for appellant.

Jesse W. Shanks, Asst. U. S. Atty., Jackson, Miss., for appellee.

Before BORAH and RUSSELL, Circuit Judges, and DAWKINS, District Judge.

RUSSELL, Circuit Judge.

In this action the United States filed a libel against one 1951 Chevrolet Pick-up Truck which was seized by federal officers while being used to conceal and remove two gallons of distilled spirits upon which taxes due the United States had not been paid. 26 U.S.C.A. § 3321 (b) (3). Associates Discount Corporation, claiming an interest in the vehicle by virtue of a conditional sales contract which was acquired in good faith, filed its answer and claim for remission of the forfeiture to the extent of its interest under the provisions of section 3617, Title 18 U.S.C.A. It was stipulated that the vehicle was guilty as charged and subject to forfeiture. The only question to be determined on this appeal is whether the district court erred in denying the claim for remission.

Section 3617, supra, prescribes three prerequisites to remission or mitigation of a forfeiture under conditions present here. It is only after these conditions have been complied with that the district court, and that court alone, is vested with the discretionary power to grant such relief. There is no contention that the claimant did not acquire its interest in the vehicle in good faith or that it at any time had reason to believe that the truck would be used in violation of the State or federal liquor laws, therefore, we limit our discussion to the question of whether its admitted failure to make the "bootleg-hazard" investigation prescribed by the statute,[1] in view of the evidence contained in the record, required a denial of its claim.

■ To comply with this provision of the statute the claimant must make inquiry of only one of the named officers as to the record and reputation of the owner or purchaser of the vehicle and, provided he receives a negative answer,[2] other requirements being met, he is entitled to the benefits of the statute and the district court has the discretionary power to grant relief from the forfeiture. However, if he fails to make inquiry before he acquires his interest in the vehicle, the claimant is bound by the answer which would have been given by any one of such officers had the inquiry been made.[3]

■ The purchaser of the truck, Julie Lee Bibbs, resided in the home of her father and family in Rankin County, Mississippi. Although Julie did not have a record for violating the liquor laws, she had a reputation for violating those laws which was known to Alcohol Tax Unit Investigator Lee V. Russell. Russell testified that he did not know Julie by name until the date of the seizure, but that he knew her by reputation and knew that she was "hauling whiskey up and down the road." According to his information, every one who lived in the Bibbs house was dealing in illicit whiskey. He had "jumped a still" behind the house about a year before the seizure and had on another occasion searched the house and found "a lot of empty containers and rye."

The Sheriff of Rankin County, Holifield, testified that if inquiry had been made of him prior to the date Julie pur-

---

1. 18 U.S.C.A. § 3617(b) (3). Under this subsection it is a condition precedent to remission or mitigation that the claimant prove that before it acquired its interest in the forfeited vehicle that it was informed in answer to an inquiry, made at the headquarters of the sheriff, chief of police or principal federal internal revenue officer engaged in the enforcement of liquor laws, that the owner of the vehicle has no record or reputation for violating the laws relating to liquor.

2. See United States v. One 1950 Lincoln Sedan, 5 Cir., 196 F.2d 639, 642.

3. Interstate Securities Co. v. United States, 10 Cir., 151 F.2d 224, 226, and cases cited.

chased the truck concerning her reputation, he would have replied that "her reputation would have been in the liquor business; maybe not directly, but knowingly." His opinion was based upon the fact that he had reason to believe that an illicit whiskey business was being operated at the house in which she was residing and since she was living there she must have known what was going on.

We have not overlooked Agent Russell's testimony to the effect that his office had no information or knowledge of the Bibbs girl prior to the date of the seizure and if an inquiry had been made of it at the time the truck was purchased a negative reply would have been given. Appellant contends that this testimony establishes that to have made the inquiry would have been a futile thing. It also urges that "reputation" as used in the statute contemplates a reputation which the purchaser bears with the law enforcement officers enumerated therein and not with each and every employee or investigator working under the jurisdiction of such enumerated officers. These contentions are fully answered by our recent opinion in Murdock Acceptance Corp. v. United States, 5 Cir., 172 F.2d 552. Reference to that case renders further discussion of these points unnecessary.

In conclusion appellant argues, in effect, that there was no valid justification in fact for Russell's testimony that the purchaser had a reputation for dealing in illicit liquor, it being based largely upon what he knew and what he had been told by various informants concerning her environment. We do not endorse a system of guilt by association; however, we are constrained to recognize that one becomes known by those with whom he elects to associate. It is true that Russell did not know for a fact that Julie was, or had been, violating the liquor laws, but, as stated in Interstate Securities Co. v. United States, supra [151 F.2d 226], "Unfortunately, it is a truism that one's reputation is what others say about him, not necessarily what they know of him."

Appellant, having failed to make the proper inquiry, was not entitled to a remission of the forfeiture. The judgment of the district court denying its claim is correct. It is affirmed.

Judgment affirmed.