UNITED STATES of America, Appellant,

v.

GENERAL MOTORS ACCEPTANCE CORPORATION, Appellee.

No. 19061.

United States Court of Appeals Fifth Circuit.

Nov. 29, 1961.

Robert W. Rust, Asst. U. S. Atty., Edmond J. Gong, Asst. U. S. Atty., Miami, Fla., Edward F. Boardman, U. S. Atty., Miami, Fla., for appellant.

Graham C. Miller, Miami, Fla., H. Leon Holbrook, Jr., Jacksonville, Fla., Herbert W. Vogelsang, Miami, Fla., on the brief, for appellee.

Before TUTTLE, Chief Judge, and JONES and BELL, Circuit Judges.

BELL, Circuit Judge.

This is an appeal from the granting of a petition for remission or mitigation of forfeiture of one 1960 Pontiac Bonneville automobile under the provisions of Title 18 United States Code Section 3617, 62 Stat. 840. The automobile was guilty as charged. It was seized in a raid on an illegal distillery in Dade County, Florida, and was in the possession of one Connie Anderson, Jr., and two other men of unknown identity.

Appellee was the holder by assignment of a conditional sales contract on the automobile dated March 4, 1960 executed by Emanuel Manusuthakis. He was not shown in any way to be implicated in the operation of the illicit distillery, and it was uncontroverted that appellee acquired its interest in the automobile in good faith and at no time had any knowledge or reason to believe that the automobile was being or would be used in the violation of laws relating to liquor. Appellee had a previous satisfactory credit experience with Manusuthakis in 1956, and before purchasing the 1960 contract, checked with two credit references who reported his credit to be satisfactory, also with his employer and learned that he was a sheet metal mechanic being paid One Hundred Forty Dollars per week. Manusuthakis later sold the car without the permission of appellee to one Tommy Davis who was not implicated, and the record is silent as to how Anderson got possession of the car.

The contention of the government is that Manusuthakis had a record and reputation with the Internal Revenue Service for violating the laws of the United States relating to liquor. It is undisputed that appellee failed to make the inquiry or "bootleg hazard" investigation required as a condition precedent to remission under the statute. Before remission or mitigation can be granted claimant must prove that before it acquired its interest in the forfeited automobile it was informed in answer to an inquiry, made at the headquarters of the Sheriff, on the Chief of Police or the prin-

cipal Federal Internal Revenue officers engaged in the enforcement of liquor laws, that the owner of the vehicle had no record or reputation for violating the laws relating to liquor.

■ Appellee could have satisfied the condition precedent by checking with any one of these officers and it is undisputed that a check with the sheriff's office of the county where Manusuthakis resided and made the contract would have disclosed no record or reputation. No inquiry having been made, appellee is bound by the answer which would have been given by any one of such officers had the inquiry been made; here, the principal Federal Internal Revenue officer. One 1951 Chevrolet Pickup Truck No. J.B.A. 504187 v. United States, 212 F.2d 662 (5 Cir. 1954).

■ On the trial the burden was on the government first to show record or reputation before the burden shifted to claimant to show compliance with the conditions precedent of the statute. United States v. C. I. T. Corporation, 93 F.2d 469 (2 Cir. 1937).

Under the statute, record and reputation have different connotations, but here both are related and limited solely to such record as Manusuthakis had with the Alcohol and Tobacco Tax Division, Internal Revenue Service, Treasury Department, District of Florida for violating laws relating to liquor. Nothing else was offered by the government. This record was that he was arrested in Dade County for the transportation of non-tax paid liquor on November 19, 1953 and dismissed by the United States Commissioner the next day; indicted on the same charges January 19, 1954, with the indictment being nolle prossed on May 17, 1954 on motion of the United States Attorney.

The court granted the petition on the basis of the long lapse of time between this record and reputation and the 1960 contract involving the automobile in question. However, this court has held that a four year old conviction coupled with a good present reputation is fatal to a petition for remission. United States v. One 1950 Lincoln Sedan, 196 F.2d 639 (5 Cir. 1952).

In City National Bank, Lawton, Okl. v. United States, 207 F.2d 741 (10 Cir. 1953) the purchaser of the automobile on which claimant had a 1952 lien had a record and reputation as a liquor law violator from 1935 to 1944 but his reputation was good thereafter. In denying remission the court construed the statute as meaning a record or reputation no matter when established or acquired. In United States v. O'Dea, 111 F.2d 358 (8 Cir. 1940) a record seven years old coupled with a present reputation for violation was fatal to a petition for remission. In United States v. One 1937 LaSalle Sedan, 116 F.2d 356 (10 Cir. 1940) a record of four convictions over a nine year period extending up to two years and nine months prior to the lien was not so remote as to escape the mandate of the statute.

The plain language of the statute itself makes it abundantly clear, assuming adequate record or reputation, that remoteness will not satisfy the condition precedent of inquiry and lack of record or reputation.

■ But here the question is more basic. Does Manusuthakis have a record or reputation within the meaning of the statute? He was arrested and the United States Commissioner promptly dismissed the charges. He was thereafter indicted on the same charge by a federal grand jury and within four months the charges were nolle prossed on motion of the United States Attorney. The record is bare as to why. There was no proof whatever as to any reputation other than this record.

In United States v. One Hudson Coupe, 110 F.2d 300 (4 Cir. 1940) a record of two convictions in a county other than where the car was purchased or where the purchaser lived was held to be a record within the meaning of the statute. In United States v. One 1951 Chevrolet Delivery Sedan, 116 F.Supp. 830 (D.C. E.D. Mich., 1953) arrest, prosecution,

and acquittal because of an illegal search constituted a record. In United States v. 1937 Ford Truck, 29 F.Supp. 278 (D.C. N.D.Ohio 1939) an arrest for possession of illegal whiskey and the grant of a motion to suppress the whiskey as evidence for insufficiency of the search warrant constituted a record within the meaning of the statute.

An arrest charging violation of the liquor enforcement act of 1936 and dismissal because the act was not then applicable in Oklahoma coupled with a reputation as a liquor law violator when the act did become applicable was held to be a "reputation" within the meaning of the statute. United States v. One 1939 Model DeSoto Coupe, 119 F.2d 516 (10 Cir. 1941). United States v. C. I. T. Corporation, supra, holds that mere investigation for a year on suspicion of violating liquor laws does not create a reputation within the meaning of this statute, and in United States v. Shell, 212 F.2d 789 (4 Cir. 1954) it was said that mere suspicion or belief on the part of the law officers is insufficient to establish a reputation within the meaning of this statute.

We find no authorities to the effect that the facts here should, or were intended by Congress to constitute a record or a reputation as used in the statute. There is nothing in the legislative history of the statute to indicate that the record or reputation under investigation would be other than a substantive record or reputation of violation. House of Representatives Reports, Vol. 4, 74th Congress, 1st Session, 1935, Report No. 1601, p. 6; Senate Reports, 74th Congress, 1st Session, 1935, Vol. III, Report No. 1330.

The mandate of the statute is drastic. Both this court and the Supreme Court have pointed out with reference to it that it is remedial in that it provides relief from forfeitures and should be liberally construed to that end, and that forfeitures are not favored and should be enforced only when within both the letter and the spirit of the law. United States v. One 1936 Ford, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249 (1939); United States v. Frank Graham Company, 199 F.2d 499 (5 Cir. 1952).

We do not think that the record and reputation of Manusuthakis, based as it is on mere arrest, dismissal of the charges by the Commissioner, indictment and subsequent nolle prosse, without more, constituted a record or reputation within the intent of this statute.

The judgment is

Affirmed.