**UNITED STATES of America, Libellant,**

v.

**ONE 1962 PONTIAC 2-DOOR AUTOMOBILE, Serial No. 362D18306, General Motors Acceptance Corporation, Claimant.**

Civ. A. No. 8069.

United States District Court
N. D. Georgia,
Atlanta Division.

Jan. 31, 1964.

Charles L. Goodson, Atlanta, Ga., for plaintiff.

A. Mims Wilkinson, Jr., H. A. Stephens, Jr., Atlanta, Ga., for claimant.

MORGAN, District Judge.

The automobile in question in the above-styled case is the subject of a motion by the claimant for remission of forfeiture.

This matter having come on to be heard, upon due consideration of the evidence submitted by the parties, the Court makes the following

## FINDINGS OF FACT

1. The claimant herein is the holder of a conditional sales contract dated January 2, 1962, between Robinson Buick, as seller, and Thomas Ledford, as purchaser, and an agreement of substitution between the same parties covering the motor vehicle involved herein, dated August 2, 1962, this conditional sales contract being acquired by the claimant in the regular course of business from Robinson Buick and on which

there is a balance presently due it by the said Thomas Ledford in the amount of $2,992.80.

2. The claimant was without knowledge of any illegal use of said vehicle by Thomas Ledford, Marion C. Perry, or any other person, and was likewise without knowledge of any intended illegal use of the automobile, and the subject automobile was not so used with its consent or approval, either express or implied.

3. Thomas Ledford was known to the claimant, having previously purchased an automobile which was financed through General Motors Acceptance Corporation and which account was paid out satisfactorily. He was also known to Robinson Buick, the conditional seller of the subject vehicle, his place of business being directly across the road from the premises of Robinson Buick.

4. Prior to the acquisition of the said conditional sales contract, the claimant made no inquiry as to the record or reputation of the purchaser, pursuant to Title 18 U.S.C. § 3617(b), but relied upon the dealer, Robinson Buick Company, to make such inquiry. No such inquiry was made by Robinson Buick Company.

5. The purchaser of the automobile, Thomas Ledford, had no reputation for violation of the liquor laws with the former sheriff of the county of his residence, Mr. Gurley Leak, but he did have a reputation with the chief of police of his residence, Mr. J. O. Bell, of being associated with the illicit liquor business prior to January, 1962, and this fact would have been established by the chief of police if he had been asked about the reputation of the purchaser.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of the subject matter.

2. The evidence adduced at the trial clearly indicates that no inquiry was made as to the record or reputation of the purchaser, Thomas Ledford, either by or on behalf of the claimant, prior to the time that the claimant acquired its interest in the vehicle. Therefore, if the purchaser did, in fact, have a reputation for violating state or federal laws relating to liquor, then the claimant is not entitled to remission.

The Fifth Circuit Court of Appeals, in the case of United States v. General Motors Acceptance Corporation, 296 F. 2d 246, stated, in a case of remission of forfeiture, through Judge Griffin Bell, as follows:

"Before remission or mitigation can be granted claimant must prove that before it acquired its interest in the forfeited automobile it was informed in answer to an inquiry, made at the headquarters of the Sheriff, or the Chief of Police or the principal Federal Internal Revenue officers engaged in the enforcement of liquor laws, that the owner of the vehicle had no record or reputation for violating the laws relating to liquor.

"Appellee could have satisfied the condition precedent by checking with any one of these officers and it is undisputed that a check with the sheriff's office of the county where Manusuthakis resided and made the contract would have disclosed no record or reputation. No inquiry having been made, appellee is bound by the answer which would have been given by any one of such officers had the inquiry been made; here, the principal Federal Internal Revenue officer. One 1951 Chevrolet Pickup Truck No. J.B.A.504187 v. United States, 212 F.2d 662 (5 Cir., 1954)."

The case of One 1951 Chevrolet Pickup Truck, Motor No. JBA504187, et al. v. United States, supra, is remarkably similar to the facts of the present case. In that case the claimant had made no inquiry as required by the statute. An Alcohol Tax investigator testified that if inquiry had been made of him, he would have replied that the purchaser had no reputation for dealing in illicit liquor; the county sheriff testified that

if inquiry had been made of him, he would have replied that the purchaser did have such a reputation. The Court held that "if no inquiry is made, claimant is bound by answer which would have been given by any one of such officers had inquiry been made".

■ The Supreme Court of the United States, in the case of Murdock Acceptance Corporation v. United States of America, 350 U.S. 488, 76 S.Ct. 536, 100 L.Ed. 580, bolsters this contention that there is a duty to investigate the record or reputation of the purchaser, and that just one inquiry of the proper law enforcement official will be sufficient. The Court stated:

"The very purpose of prescribing in detail in the statute the type of inquiry to be made was to avoid uncertainty over the extent of investigation necessary to protect finance companies against forfeitures. That purpose would be frustrated if a duty to investigate further could be grounded solely upon the alleged inadequacy of a reply clearly satisfying the statutory investigation requirements. In limiting the inquiry duty to any one of several offices, Congress must necessarily have contemplated that the records of one office only would be checked. It considered that adequate."

■ The Court refers counsel to the annotation following the report of the above-cited case in Lawyers' Edition, 100 L.Ed. 584, on the "Necessity and sufficiency of inquiry prescribed by 18 U.S.C. § 3617(b) (3) for remission or mitigation of forfeiture under Internal Revenue laws relating to liquors". It is well settled that the claimant's failure to make the inquiry prescribed in subparagraph (3) does not of itself defeat his claim to remission. Manufacturers Acceptance Corporation v. United States, 6 Cir., 193 F.2d 622. Where subparagraph (3) is not complied with, the trial court's power to grant remission is conditioned upon the absence of any adverse record or reputation on the part of a person having a right in the vehicle forfeited, under the contract from which the claimant's interest in the vehicle arises. United States v. Interstate Securities Company, 10 Cir., 218 F.2d 243. If no such record or reputation is established, the claimant's right to a remission is not defeated merely because of his failure to make inquiry pursuant to subparagraph (3). Conversely, if an adverse record or reputation is established, the claimant's failure to make the requisite inquiry defeats his claim for remission. In particular, remission will be denied to a claimant who made no inquiry pursuant to subparagraph (3) where any one of the law enforcement officers designated in subparagraph (3) would have answered, upon inquiry by the claimant, that the person inquired about had a record or reputation as a liquor law violator; *and this is so even though another officer would have given a negative reply*. One 1951 Chevrolet Pick-up Truck v. United States, (5 Cir., 1954) 212 F.2d 662, supra; United States v. General Motors Acceptance Corporation, 5 Cir., 296 F.2d 246, supra. In other words, if the claimant fails to make inquiry before he acquires his interest in the vehicle, he is bound by the answer which would have been given by *any one* of the officers designated in subparagraph (3) had the inquiry been made.

■ 3. Prior to the claimant having acquired its interest in the vehicle, the purchaser did have such a reputation for violation of the liquor laws with the chief of police of the county of his residence. Having made no inquiry, the claimant is bound by the response which would have been given by the chief of police had such an inquiry been directed to him. The fact that the purchaser might have had no such reputation with the dealer or the county sheriff or anyone else is immaterial. The statute is to be strictly construed, and this Court is without discretion to grant remission absent a showing of compliance by the claimant.

4. The conditions precedent to remission not having been met, the application for remission is denied.

All costs and expenses of this proceeding are taxed to the claimant.

It is so ordered.