**UNITED STATES v. C. I. T. CORPORATION.**

No. 94.

Circuit Court of Appeals, Second Circuit.

Dec. 13, 1937.

Jos. G. Myerson, of New York City (Joseph G. Myerson and Jeremiah C. Lazar, both of New York City, of counsel), for appellant.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith and J. Wolfe Chassen, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for the United States.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal from a decree denying the claim of the intervener, C. I. T. Corporation, to remit the forfeiture of its interest in a motor car, as assignee of the conditional seller. The facts are as follows. A libel of information was filed against the car on December 10, 1936, alleging that it was found upon premises where liquor was being manufactured with intent to defraud the United States of taxes (section 1184, Title 26 U.S.Code, 26 U.S.C.A. § 1184), and where there was a distilling apparatus, not registered as required by law (section 1162, title 26 U.S.Code, 26 U.S.C.A. § 1162). The car was seized, and on January 11, 1937 the "C. I. T. Corporation" filed a claim

to it and an answer. The libellant moved for a decree of forfeiture, and the claimant, by cross motion, for a remission as to its interest; the appeal is taken from the decree granting the libellant's motion and denying that of the claimant. The claimant's answer consented to the forfeiture except as to its own interest, but as to that alleged that on July 21, 1926, the same day when the car was sold to the purchasers, Louis Goldberg and A. Margolis, the conditional seller, a reputable dealer in Brooklyn, assigned its interest to the claimant, which received it in the regular course of its business. Before the contract was executed the claimant investigated the purchasers through "reputable credit investigation agents," learned nothing giving it reason to believe that the car was to be used in violation of law, and bought the contract in good faith. The libellant moved for decree on the theory that the answer had conceded that the car should be forfeited; but that motion was plainly bad. The claimant's cross-motion was supported by an affidavit which the libellant answered, and the court apparently treated the cause as though it was then ripe for decree. That was of course erroneous unless both parties consented to try it on affidavits; but since they have both done so, and the affidavits do not materially conflict in point of fact, we will disregard the irregularity and decide the case as though it had come up upon final hearing as it should have.

The claimant's affidavit declared that its investigating agents learned that Goldberg was employed as a plumber, had a bank account, was married, had two children, and had been a satisfactory tenant; that Margolis had owned a house for ten years, had a good reputation, was thought to be a man of considerable means, had a bank account and was the president of a mineral water company which had a good rating. To this the libellant's affidavit replied that an investigator of the federal "Alcohol Tax Unit" had interviewed Margolis, who told him that he signed the contract only because his daughter was married to Goldberg's younger brother; that Goldberg was not regularly employed; that almost a year before the purchase he was being investigated by the "Unit" as to the operation of a still on the premises where the car was later seized; that the claimant had made no inquiry at the "Unit"; and that if it had, it would have learned the facts alleged. There is no other evidence that either Goldberg or

Margolis had the "reputation" of having violated the liquor laws, nor was the proof of any "record" to that effect. The judge thought that the claimant had not made out its case for remission under section 40a (b) of title 27 U.S.Code (27 U.S.C.A. § 40a (b), denied its motion, and granted the libellant's.

Section 40a (a) gives the district court jurisdiction to "remit or mitigate the forfeiture"; section 40a (b) conditions this power upon the claimant's proving (1) that he has acquired an interest in the car in good faith, (2) that he had no knowledge or reason to believe that it would be used to violate the liquor laws, and (3) in case the claimant's interest arises out of a contract made with a person "having a record or reputation for violating laws of the United States or of any State relating to liquor" that the claimant must inquire of certain specified local or federal authorities as to such a possible "record" or "reputation," and be informed that he has neither.

It is clear that the claimant has the burden of proof as to the first two conditions; he must show that he acquired his interest in good faith and that he had no reason to believe that the car would be used in violating the law. The claimant undoubtedly fulfilled these unless we are to question the truth of its affidavit; we do not understand that the libellant means to raise that question. The third condition is itself subject to a condition, for the duty of inquiry is not imposed upon the seller unless the buyer has in fact "a record or reputation" as a violator of the liquor laws. We do not decide whether the claimant has the burden of disproving this condition, for the libellant concedes that it has not; that has, indeed, been twice held in district courts. United States v. One 1936 Model Lafayette Coupé Automobile, 14 F. Supp. 1003, 1005; United States v. One 1935 Chevrolet Coupé, 13 F.Supp. 986. So much granted, the case falls, for the libellant made no effort to show that either Goldberg or Margolis had in fact any "record" or a "reputation" as a violator of the liquor laws. The notion seems to be that because the officials had been investigating Goldberg for a year, that gave him a reputation as a violator of the liquor laws. That is an error. The statute is drawn so as to impose upon the seller the duty of inquiry only when there exists something which is likely to reach his ears, a public record or a general reputation. No doubt he always

takes the chance in any sale that there may be one or both of these; but his duty does not arise if there is not. Even then he will escape if the officials do not confirm it upon inquiry. Here there was no record; the libellant does not allege that the pending investigation was such. Nor was there any reputation. Some of the officials—how many we do not know—had for long suspected Goldberg of breaking the liquor law, but that did not give him the reputation of doing so. Such inquiries are kept secret lest they come to the knowledge of the suspect and he become wary. The statute means not that, but reputation in the usual sense, a prevalent or common belief, a general name, the opinion of a number of persons, a more or less extended and public attribution of the crime, likely to be spread about so as to reach the seller. The knowledge of those charged with the duty of prosecuting Goldberg was not likely to do so.

The libellant answers that even so, remission lay in the court's discretion under section 40a (a) and that the discretion exercised in the case at bar was final. United States v. One 1935 Dodge Rack-Body Truck, 88 F.2d 613, 615 (C.C.A.2). But though the power be discretionary, the discretion must be governed by the evidence; it may not be baseless. In the case at bar there were no suspicious circumstances to lead the claimant to refuse to accept the contract; we are not to say that no car can ever be sold without inquiry at the local "Alcohol Tax Unit."

Decree reversed, forfeiture remitted.