## UNITED STATES v. 44,549 SQ. FT. OF LAND IN BOROUGH OF BROOKLYN, CITY AND STATE OF NEW YORK et al.

### No. 501.

District Court, E. D. New York.

July 3, 1941.

Leah H. Neuer, of Brooklyn, N. Y., for owners of damage parcel No. 6.

Harry T. Dolan, Sp. Asst. to U. S. Atty. Gen., (Edward H. Murphy, of New York City, Sp. Atty., Department of Justice, of counsel), for petitioner-plaintiff.

ABRUZZO, District Judge.

The owner of damage parcel #6, N-501, is entitled to ninety (90%) per cent of the award for this particular parcel, now on deposit with the Clerk of the United States Court, this district. Ten (10%) per cent is to be retained by the Clerk until September 24, 1941, when the interlocutory judgment of condemnation is to be entered, at which time it will be in order for the owner to apply for the remaining ten (10%) per cent.

The Court believes it necessary to hold back this sum to cover any and all eventualities that might occur between now and the entering of the judgment of condemnation.

Settle order.

## UNITED STATES v. ONE 1940 PLYMOUTH COUPE (BLAND MOTOR CO., Complainant).

District Court, D. Maine, S. D.

Aug. 18, 1941.

E. J. Harrigan, Asst. U. S. Dist. Atty., of Portland, Me., for the United States.

Allen & Simpson, of Worcester, Mass., for Bland Motor Co.

John D. Ford, of Boston, Mass., for claimant.

PETERS, District Judge.

The automobile involved in this proceeding was seized and forfeited for violation of the internal revenue laws relating to liquors. No question is made as to regularity of the proceedings. The claimant, however, asks that the forfeiture be remitted and the car given back to it on the ground that the claimant sold the car to one Catherine Kokernak in February, 1940, taking back a conditional sale agreement under which the claimant had a lien on the car for an unpaid part of the purchase price; the claimant alleging that Catherine Kokernak sold her equity in the car to Anthony Kokernak in April, 1940, and that Anthony used it to illegally transport alcohol, resulting soon after in the seizure of the car and the arrest and conviction of Anthony.

The claimant says that Catherine Kokernak agreed in her contract of sale that she would not permit the car to be operated contrary to law and, as it was clearly operated contrary to law, the claimant considers that it should be given possession of the car as against the Govern-

ment. Obviously this is no reason for returning the car, nor does the only situation under which the Court has authority to remit the forfeiture appear from the evidence. Quite the contrary.

The only right the Court has to remit or mitigate the forfeiture is given under Title 27, U.S.C.A. § 40a. This section prescribes three conditions precedent to any remission and all three conditions must be complied with before the Court can order the forfeited vehicle turned over to any claimant.

Assuming, without finding, that the first two conditions named in the statute were complied with here, it has not been shown that the claimant has complied with the third condition mentioned in sub-section b, which provides that if any person, whose rights are subject to the contract from which claimant's interest arises, has a record or reputation for violating state or Federal laws relating to liquors, then claimant must, before acquiring such interest, have been informed, in answer to his inquiry of a Federal or principal local enforcement officer, that such person had no such record or reputation.

It is not claimed here that the inquiries referred to were made, but it is maintained that the purchaser of the car had no record or reputation for violating the liquor laws, and therefore no inquiries were necessary. It follows that the decisive question is whether Catherine Kokernak had a reputation in Worcester, Massachusetts, where all the parties lived, for violating the liquor laws.

At the time of the sale in question Catherine had no record, though since then Catherine and Anthony and other members of the same family have made a record in this Court for "rum-running" excelled by few.

As to the reputation existing in that community at the time of the sale: It was testified at the trial by local and Federal enforcement officers that Catherine Kokernak had a well-known reputation for engaging in illegal liquor activities prior to the date of the sale in question. Even an automobile salesman who took part in the transaction of the sale testified that he knew the reputation of the Kokernak family for illegal liquor activities. A deputy sheriff testifying for the claimant made a brave attempt to whitewash Catherine's reputation, testifying that although people

had told him that they thought Catherine was a bootlegger, he did not consider her reputation "terribly bad". The statute, however, makes no distinction between a reputation for "rum-running" on a large scale and "rum-running" on a small scale.

It is obvious that the statute has not been complied with and therefore the Court has no authority to remit the forfeiture. United States v. One Hudson Coupe, 4 Cir., 110 F.2d 300.

The petition of the claimant will be dismissed.