### UNITED STATES v. ONE 1941 DE SOTO SEDAN MOTOR NUMBER S-8-91098.

#### Misc. Civ. No. 6410.

District Court, D. Massachusetts.

Jan. 23, 1942.

320

Edmund J. Brandon, U. S. Atty., of Boston, Mass., and Joseph M. Hargedon, Asst. U. S. Atty., of Lawrence, Mass., for United States.

Gregory D. Shorey and Shorey & Tiffin, all of Boston, Mass., for claimant.

SWEENEY, District Judge.

I have before me a petition for remission or mitigation of forfeiture of one 1941 DeSoto Sedan which was illegally used by one Domenico Palano in transporting untaxed alcoholic beverages. The defendant Palano was properly convicted, and freely admitted his guilt.

### Findings of Fact

The Associates Discount Corporation purchased from the Hub Motor Car Company of Boston a conditional sale contract covering the DeSoto in question on July 25, 1941. Previously on the same day, Palano had purchased the DeSoto from the Hub Motor Car Company, trading in another car which he had previously bought from the same company as part of the purchase price. The Associates Discount Corporation paid approximately $1,000 to the Hub Motor Car Company for the conditional sale contract, and has never received any payments thereon. At the time that the claimant purchased the conditional sale contract, it had no knowledge that Palano was in any manner engaged in the illegal liquor traffic. Remission or mitigation of forfeiture should be allowed in this case, unless the court is barred from such action by 18 U.S.C.A. § 646(b) (3).

Palano had a substantial record for liquor violations in Boston between 1924 and 1930. Likewise, during that same period and extending to 1935, he had a well-known reputation as a bootlegger. The claimant did not make inquiry from anyone "at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation." It made inquiry at the Roxbury District Court, but this defendant had never been convicted in that particular court. Such inquiry cannot take the place of that specified in the Statute.

Since it is clearly established that Palano had a "record" and "reputation for violating the laws of the United States * * * relating to liquor", and since this claimant did not make the inquiry specified in 18 U.S.C.A. § 646(b) (3), this court is powerless to allow the claim. I have carefully reviewed the decisions cited by the claimant, principally, United States v. C. I. T. Corporation, 2 Cir., 93 F.2d 469, and United States v. One 1936 Model Ford Coach, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249, and can find nothing in these cases to support its claim. In the C. I. T. case, supra, the court was dealing with a case where there was no record or reputation, and, hence, the application of 18 U.S.C.A. § 646(b) (3), was not involved. In the Ford case, supra, the court passed upon the necessity of identifying the real owner of the vehicle and the investigation incidental thereto. There is nothing in that case that can given any comfort to this claimant.

### Conclusion of Law

Since the claimant has not complied with the terms of 27 U.S.C.A. § 40a (b) (3), 18 U.S.C.A. § 646(b) (3), this court is without power to order a remission or mitigation of forfeiture, and its petition is therefore denied.