**UNITED STATES of America,**
Appellant,

v.

**INTERSTATE SECURITIES COMPANY,**
Inc., of Tulsa, Oklahoma, and One 1952 Dodge Convertible Motor No. D42–346264, Appellees.

No. 4927.

United States Court of Appeals,
Tenth Circuit.

Dec. 18, 1954.

**244**

B. Hayden Crawford, U. S. Atty., Tulsa, Okl. (Charles H. Froeb, Asst. U. S. Atty., Tulsa, Northern District of Oklahoma, appeared with him on the brief), for appellant.

Clarence A. Warren, Tulsa, Okl., appeared on the brief for appellee.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

MURRAH, Circuit Judge.

The United States appeals from an order remitting the forfeiture of an automobile seized while being used in violation of the internal revenue laws relating to liquor, and on which the claimant, Interstate Securities Company, Inc., held a chattel mortgage.

Interstate acquired the mortgage without making any inquiry as to the record or reputation of the owner, Carl D. Stewart, for violation of state or federal liquor laws "at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality" where Stewart purchased the car, where he resided, or in any other locality where inquiry was made as to Stewart's character or financial standing as required by Title 18 U.S.C.A. § 3617(b) (3).

■ When this statute is not complied with, the trial court's power to grant remission is conditioned upon the absence of any such record or reputation with any of the law enforcement officers enumerated in the statute. City Nat. Bank, Lawton, Okl. v. United States, 10 Cir., 207 F.2d 741; United States v. One 1949 Chevrolet Coach, 10 Cir., 200 F.2d 120; Aetna Finance Co. v. United States, 10 Cir., 191 F.2d 63; Commercial Credit Corporation v. United States, 8 Cir., 175 F.2d 905; Interstate Securities Co. v. United States, 10 Cir., 151 F.2d 224; United States v. One 1939 Model DeSoto Coupe, 10 Cir., 119 F.2d 516.

The remission is based upon the trial court's findings to the effect that Interstate acquired the mortgage in good faith without knowledge or reason to believe that the automobile would be used in violation of the laws and further that had Interstate made inquiries of any of the law enforcement agencies in Tulsa, claimant would have been informed that Carl D. Stewart had neither record nor reputation with any of such law enforcement agencies.

The evidence shows without dispute that Stewart had no record or reputation with the chief of police of Tulsa or the sheriff of Tulsa County, or with the federal internal revenue officers at Tulsa. But an internal revenue agent in charge of the Alcohol Tax Unit in Tulsa testified in substance that if an inquiry had been made at his office concerning Stewart's record or reputation, the inquirer would have been given whatever information the local office had concerning Stewart's reputation and would have been told that the Tulsa office kept no records and that in order to obtain information concerning Stewart's record, the inquirer would

have to contact the principal office at Oklahoma City where all records are kept.

In granting the remission the trial court interpreted the statute to require that inquiry be made of the office of one of the agencies in the locality where the car was purchased, or where the purchaser resided, and such other places where inquiries are made as to character and financial standing of the purchaser; and that since the car was purchased in Tulsa, the purchaser lived in Tulsa, and no other inquiries were made elsewhere, the claimant was not required to go beyond the answer which he would have received from the sheriff of Tulsa County, the chief of police of the City of Tulsa, or the principal federal internal revenue officer or federal law enforcement officer in the Tulsa locality.

At the outset it seems important to remember that "record" and "reputation" as used in the statute are words of different meaning, and that inquiry of the designated law enforcement agencies concerning both record and reputation is a prerequisite to remission or mitigation. City Nat. Bank, Lawton, Okla. v. United States, supra; United States v. One 1950 Lincoln Sedan, 5 Cir., 196 F.2d 639; Manufacturers Acceptance Corp. v. United States, 6 Cir., 193 F.2d 622; Universal Credit Co. v. United States, 4 Cir., 111 F.2d 764. One may have a reputation long before he acquires a record by conviction, and an inquiry concerning one's reputation does not satisfy the requirements for inquiry concerning his record. See Universal Credit Co. v. United States, supra. A reputation in its statutory sense is confined to the opinion of the law enforcement officers designated in the statute and gathered from knowledge gained by them generally in the performance of their duties. United States v. Drive New Cars, 10 Cir., 208 F.2d 774; Manufacturers Acceptance Corp. v. United States, supra; Interstate Securities Co. v. United States, supra; United States v. One 1939 Model DeSoto Coupe, supra.

If the claimant had inquired at the headquarters of the sheriff concerning Stewart's record or reputation, it would have necessarily received the information reflected by the records of the sheriff's office and the knowledge of the sheriff or his deputies concerning Stewart's reputation. If it had inquired of the chief of police at Tulsa, it would have received the information reflected by the records of the police department and the knowledge of the police department concerning Stewart's reputation. A negative answer from either would have been sufficient. If it had inquired of the investigator or investigators of the Alcohol Tax Unit stationed in Tulsa, it would have been referred to the Oklahoma City office where the records are kept, and upon inquiry, that office, after investigation, would have informed the inquirer that Stewart had a record for violating the federal liquor laws with that agency.

Contrary to the views of the trial court, we think the statute contemplates that inquiry concerning the record will be made at one of the designated places where the records are kept and where the reputation is determined, and that in the absence of such inquiry, the claimant is bound by the record as it is maintained by the designated law enforcement agencies. In Manufacturers Acceptance Corp. v. United States, supra, inquiry at the record room of the chief of police was construed as an inquiry at the headquarters of the chief of police. And in United States v. Drive New Cars, supra, we held that the head of the Alcohol and Tobacco Tax Division of the Director of Internal Revenue of the District of Wyoming, whose principal office is located at Cheyenne, Wyoming, was the principal federal internal revenue officer engaged in the enforcement of the liquor laws of Wyoming, including a locality where the car was purchased and where purchaser resided, within the meaning of the statute. We think this construction of the statute is but a recognition of the geographical jurisdiction of the law enforcement agencies to which inquiry is required to be made as a condition precedent to

remission or mitigation. If inquiry at the headquarters of the principal federal internal revenue officer is inconvenient and burdensome, it can be obviated by appropriate inquiry from the designated local agencies. But it would seem incompatible with the manifest purposes of the statute to excuse the requisite inquiry of one of the designated agencies on the grounds that an inquiry of the local federal law enforcement officer would have disclosed no record because no local records were kept.

We therefore hold that the claimant was bound by the records kept by the principal federal internal revenue officer for the district of Oklahoma whose principal office is located in Oklahoma City.

The case is reversed.