**UNITED STATES of America,**
**Libelant,**

**v.**

**ONE 1958 FORD 4-DOOR SEDAN, MOTOR NO. C8PG-139239, with Accessories.**

**Civ. No. 1183.**

United States District Court
D. South Dakota, S. D.

April 27, 1959.

Clinton G. Richards, U. S. Atty., and Lyle E. Cheever, Asst. U. S. Atty., Sioux Falls, S. D., appeared for the United States.

Morgan & Fuller, of Mitchell, S. D., for petitioner, Rozum Motor Co.

MICKELSON, Chief Judge.

This is a forfeiture proceeding under the provisions of Sections 7302 and 7323

of Title 26 United States Code. The Rozum Motor Company of Mitchell, South Dakota, petitioned this court for remission of forfeiture under the provisions of 18 U.S.C.A. § 3617. The Government answered and alleged that the petitioner had not complied with the provisions of 18 U.S.C.A. § 3617(b) prior to acquiring its interest in and to the vehicle in question and that, therefore, the petitioner was not entitled to a remission of the forfeiture.

The case was submitted to the court on April 9, 1959, on an agreed statement of facts, supplemented by oral testimony. The pertinent facts are as follows: on June 9, 1958, a conditional sales contract covering the vehicle in question, a 1958 Ford 4-door sedan, was entered into between the petitioner, Rozum Motor Company, and Leonard Jirsa, the purchaser. Leonard Jirsa and his wife, Genevieve Fay Jirsa, pleaded guilty on December 11, 1958, to the charge of engaging in business as a retail liquor dealer without having first paid the special tax therefor, in violation of 26 U.S.C.A. § 5691. In this proceeding, it has been stipulated that Genevieve Fay Jirsa was engaged in such business from the 6th day of September, 1958, to November 14, 1958, and that the vehicle in question was in her possession and being used by her for such unlawful purpose. It is undisputed that the petitioner acquired its interest in the vehicle in good faith, and that it had at no time any knowledge or reason to believe that the vehicle was being or would be used in the violation of laws of the United States or of any state relating to liquor. It is also undisputed that the petitioner made no inquiry of any of the officers mentioned in Sec. 3617(b) (3) as to whether Leonard Jirsa had any record or reputation for violating liquor laws. The Mitchell chief of police, his assistant, the sheriff, the supervisor of the Internal Revenue Service for this Federal District, and a revenue service agent all testified that on June 9, 1958, the date of the conditional sales transaction in question, Leonard Jirsa had a reputation for violation of liquor laws; that the petitioner made no inquiry of any of them regarding such reputation; and that if such inquiry had been made, they would have informed the petitioner that Leonard Jirsa had such a reputation with them.

In Murdock Acceptance Corp. v. United States, 350 U.S. 488, 76 S.Ct. 536, 537, 100 L.Ed. 580, Sec. 3617 of Title 18 U.S.C.A. is interpreted as follows:

"That section provides that in a forfeiture proceeding the District Court 'shall have exclusive jurisdiction to remit' the forfeiture, but that the court 'shall not allow' remission unless the finance company (1) acquired its interest in good faith; (2) had no reason to believe that the automobile would be used in violation of the liquor laws; and (3), 'was informed in answer to (its) inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality * * * that (the purchaser) had no * * * record or reputation (for violating laws of the United States or of any State relating to liquor).' "

The petitioner contends, and it is not disputed by the Government, that the burden of proof lies with the Government to establish the record or reputation of the person in possession of the car for violation of the liquor laws, before the petitioner is required to prove that inquiries were made as provided in 18 U.S.C.A. § 3617(b) (3). See City National Bank & Trust Co. of Oklahoma City, Okl. v. United States, 8 Cir., 163 F.2d 820. But the petitioner contends that the reputation which the Government 'must establish as having existed at the time of the transaction is reputation as it is commonly used and in its general sense; i. e., "The statute is drawn so as to impose upon the seller the duty of inquiry only when there exists something which is likely to reach

his ears, a public record or a general reputation." United States v. C. I. T. Corporation, 2 Cir., 93 F.2d 469, 470. The Government, on the other hand, urges that the reputation referred to in the statute does not mean the general reputation the petitioner had in the community, but rather that reputation which the person bore with any one of the law enforcement officers enumerated in the statute. .

To sustain its position, petitioner has cited the case of United States v. C. I. T. Corporation, supra. It is true that in that case, Judge Learned Hand, speaking for the Court, held that the Government must establish that there was at the time of the transaction, a general reputation which would in the normal course of credit investigation be likely to reach the seller's ears. Our own research has shown that this decision is supported by at least two district court cases, United States v. One 1950 Model Buick, 2-Door Sedan, 137 F.Supp. 643; and United States v. One Terraplane Sedan, 23 F.Supp. 710. See also, United States v. Shell, 4 Cir., 212 F.2d 789. However, notwithstanding the excellent reasoning employed by Judge Hand and our own dislike of forfeitures, the weight of authority rests heavily against his decision. In United States v. Interstate Securities Co., 10 Cir., 218 F.2d 243, 245, reputation is defined as follows: "A reputation in its statutory sense is confined to the opinion of the law enforcement officers designated in the statute and gathered from knowledge gained by them generally in the performance of their duties." See also, United States v. Drive New Cars, 10 Cir., 208 F.2d 774; Manufacturers Acceptance Corp. v. United States, 6 Cir., 193 F.2d 622; United States v. One 1939 Model DeSoto Coupe, 10 Cir., 119 F.2d 516; United States v. McArthur, 5 Cir., 117 F.2d 343; United States v. Ford Truck, etc., 3 Cir., 115 F.2d 864. Cf., Commercial Credit Corporation v. United States, 8 Cir., 175 F.2d 905, 910. Further, in the words of Judge Dobie, in United States v. One Hudson Coupe, 1938 Model, 4 Cir., 110

F.2d 300, 303, "We do not think it was the intendment of [subsection (b) (3)] to impose the duty of inquiry only when the person's reputation for illicit dealing in unlawful liquor transactions had achieved such a notoriety that it was known or should have been known by the claimant and others in ordinary business transactions. If such a situation had existed, claimant would have been barred by subsection (b) (2). Obviously, subsection (b) (3) was directed to reach a different situation."

Section 3617 is a remedial statute, designed by Congress to provide relief to innocent parties who have an interest in the libeled property. United States v. One 1936 Model Ford V–8 De Luxe Coach, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249. But while remedial statutes should be liberally construed, it is conceded that the reason for the wording of the statute is that the Secretary of the Treasury, at the time of the Senate Committee hearings on this section, considered the bootleg hazard as "an element involved in the credit risk, and (as) just as much a part of the investigation by the finance company of a person as a credit risk as is his financial standing in the community." United States v. One 1936 Model Ford V–8 De Luxe Coach, supra, 307 U.S. at page 236, 59 S.Ct. at page 869. To require a prospective purchaser of commercial papers on automobiles to make a routine inquiry with one of the officers enumerated in the statute and to require that the response to the inquiry be in the negative is merely to establish a "simple practical and unburdensome rule to govern intercourse" in this field of commerce and at the same time provide for the efficient protection of the revenue laws against the "bootleg hazard". United States v. Chieftain Pontiac Company, 10 Cir., 218 F.2d 115, 117; see also, United States v. One 1939 Model DeSoto Coupe, supra, 119 F.2d at page 520. There is considerable doubt in our mind and, we are certain, in the minds of claimants for remission of forfeiture in cases of this nature, as to the necessity of protecting

the revenue laws against the bootleg hazard by imposing such a burden of inquiry upon them. However, it is not within the province of this court to legislate. Where an innocent claimant has followed the statutory procedure of making inquiry and has received a negative answer, the Court can relieve him from the burden of forfeiture; but where he has, as in this case, failed to thus protect his interest, this court is powerless to aid him.

Counsel for the Government will prepare and submit, upon five days notice to counsel for the petitioner, proposed Findings of Fact, Conclusions of Law and Judgment in accordance with this memorandum decision.