**UNITED STATES of America,**
Libellant,

v.

**ONE 1961 CHEVROLET ½ TON PICK-UP TRUCK, Serial No. 1C144A-110379, Bank of Terrell, Dawson, Georgia, Intervenor and Claimant.**

**Civ. A. No. 501.**

United States District Court
M. D. Georgia,
Americus Division.

April 4, 1962.

Floyd M. Buford, U. S. Dist. Atty., Truett Smith, Asst. U. S. Dist. Atty., Macon, Ga., for libellant.

R. R. Jones, Dawson, Ga., for intervenor and claimant.

BOOTLE, District Judge.

On April 23, 1961, the above described vehicle was seized while containing 91 cases of one-gallon glass jars and 1 sack of jar caps, and while allegedly used by Julian R. Jones and Tommy L. Rayburn in violation of the Internal Revenue Laws pertaining to distilled spirits. Libel of information and monition were filed by the Government and duly served upon Jones, Rayburn, and Bank of Terrell, which bank, on March 13, 1961, forty days prior to the seizure, had loaned to Jones a sum of money and obtained from him as security a bill of sale conveying title to said vehicle. The right of the Government to a forfeiture decree has not been contested by anyone, but the Bank duly filed its claim and intervention seeking remission of the forfeiture alleging: (1) that its interest was acquired in good faith; (2) that it had at no time any knowledge or reason to believe that the vehicle was being or would be used in violation of the laws of the United States or of any State relating to liquor, and (3) that at the time it acquired its interest in the vehicle Jones had no record or reputation for violating the laws of the United States or of any State relating to liquor.

■■ In cases of this type ordinarily the claimant has the burden of proving: (1) that it acquired its interest in good faith, and (2) that it had no knowledge or reason to believe that the vehicle would be used to violate the liquor laws. In the instant case, the Government concedes these two issues in favor of the claimant. It is a third issue which controls this case and this third issue arises from that portion of 18 U.S.C.A. § 3617 (b) following the numeral "(3)", which provides in substance that in case the claimant's interest arises out of the contract made with a person "having a record or reputation for violating laws of the United States or of any State relating to liquor" the claimant must inquire of certain specified local or Federal authorities as to such a possible "record" or "reputation", and be in-

formed that he has neither. This third condition or limitation upon the court's jurisdiction to remit or mitigate the forfeiture is itself subject to a condition "for the duty of inquiry is not imposed upon the seller unless the buyer has in fact 'a record or reputation' as a violator of the liquor laws." United States v. C. I. T. Corporation, 93 F.2d 469, 470 (2d Cir., 1937); Murdock Acceptance Corporation v. United States, 172 F.2d 552 (5th Cir., 1949). The burden rests upon the Government to prove the existence of the record or reputation. United States v. C. I. T. Corporation, 93 F.2d 469 (2d Cir., 1937); United States v. General Motors Acceptance Corp., 296 F.2d 246 (5th Cir., 1961); United States v. One 1958 Ford 4-Door Sedan, Etc., (D.S.Dak.1959) 172 F.Supp. 313, 315. While the cases frequently say that if a claimant fails to make inquiry before he acquires his interest he is bound by the answer which would have been given by any one of the officers named in the statute had the inquiry been made (see One 1951 Chevrolet Pickup Truck, etc. v. United States, 212 F.2d 662, 663 (5th Cir., 1954)), such cases it is believed must presuppose that there in fact exists the proscribed record or reputation. For instance, in the case last cited the court points out that in fact the purchaser of the vehicle there involved "had a reputation for violating those laws which was known to Alcohol Tax Unit Investigator Lee V. Russell" and that "the Sheriff of Rankin County, Holifield, testified that if inquiry had been made of him prior to the date Julie purchased the truck concerning her reputation, he would have replied that 'her reputation would have been in the liquor business; maybe not directly, but knowingly.'" Interestingly enough, the case of United States v. One Hudson Coupe, 1938 Model, 110 F.2d 300, 303 (4th Cir., 1940) points out the difference between "general reputation" and "chance reports to the informant." Thus, where claimant telephones one of the officers named in the statute he can "insist that he be informed of the gen-

eral reputation and not of chance reports to the informant." United States v. One Hudson Coupe, 1938 Model, 110 F.2d 300, 303 (4th Cir., 1940).

We need not decide in this case whether the word "reputation" as used in the statute means the general reputation in the community as indicated in United States v. C. I. T. Corporation, 93 F.2d 469, 470 (2d Cir., 1937), or whether the reputation inquired about is confined to the opinion of the law enforcement officers designated in the statute and gathered from knowledge gained by them generally in the performance of their duties, as is indicated in a number of cases, (see United States v. Interstate Securities Company, 218 F.2d 243, 245 (10th Cir., 1954); United States v. One 1958 Ford 4-Door Sedan, Etc., 172 F. Supp. 313, 316 (D.S.Dak.1959); and cases cited; Interstate Securities Co. v. United States, 151 F.2d 224, 226 (10th Cir., 1945); United States v. Ford Truck, Motor and S. No. BB18–3749639, 115 F.2d 864, 865 (3d Cir., 1940); United States v. One Hudson Coupe, 1938 Model, 110 F.2d 300, 303 (4th Cir., 1940); United States v. McArthur, 117 F.2d 343, 344 (5th Cir., 1941)) because in any event the testimony of the officers named in the statute, if their knowledge is sufficiently broad and comprehensive (United States v. One Hudson Coupe, 1938 Model, 110 F.2d 300, 303 (4th Cir., 1940)) may well establish the existence of the reputation. United States v. McArthur, supra.

Having thus reviewed the law, we now come back to the instant case. Claimant here admits that the statutory inquiry was not made and therefore must rest its claim upon its claimed non-existence of record or reputation. The issue is further narrowed by the Government's concession that there is no record. The evidence abundantly proves, however, that Jones had the proscribed reputation. For instance, State Revenue Agent Hancock testified at the hearing on January 15, 1962 that Jones' reputation for being in the illicit liquor business went back for the last one and one-half years, which would put it far beyond the lien acquisition date of March 13, 1961; that Jones had been reported to him from 40 to 50 times, and that he had been told he was in the liquor business and that he sold liquor. The Alcohol, Tobacco Tax Agent, Wilbur S. Porter, also testified to Jones' liquor reputation saying that he heard it all over Terrell County where Jones lived; that the State and Federal Agents were working on the case at the same time, and that he got his information from talking with people in the county.

The court finds, therefore, that as of the lien acquisition date Julian R. Jones did have a reputation for violating laws of the United States relating to liquor, and that the testimony of those two officers is not overcome by the testimony of several citizens of the county to the effect generally that they had done business with Jones and that they knew of his good reputation generally and had never heard of his being engaged in the liquor business prior to the time of the seizure of the vehicle in question; that he had a reputation for paying his debts; that they never heard anything against him or any criticism of him, and that some of them were in a position to have heard. As was pointed out in United States v. One Hudson Coupe, 1938 Model, 110 F.2d 300, 303 (4th Cir., 1940), there is a difference between a person's liquor peddling reputation and his debt paying and church going reputations, and these are apt to be known generally by different people, and the statute's subsection (b) (3) requires that inquiry as to a person's liquor reputation be made of a specified group who would be most likely to know it.

Accordingly, counsel for the Government may prepare an appropriate order forfeiting the vehicle and denying the claim for remission.