**UNITED STATES of America, Libelant,**

v.

**ONE 1963 OLDSMOBILE, Serial No. 639K01027, Its Tools and Appurtenances, Respondent,**

**Bostick Brothers Motor Co., a corporation, Intervenor.**

Civ. No. 65–36.

United States District Court
W. D. Oklahoma,

Sept. 21, 1965.

Michael Stewart, Asst. U. S. Atty., Oklahoma City, Okl., for libelant.

James M. Little, Oklahoma City, Okl., for intervenor.

DAUGHERTY, District Judge.

This matter involves Libel Proceedings by the United States against one 1963 Oldsmobile, Serial No. 639K01027, to forfeit the automobile for its use in alleged violations of the Internal Revenue liquor laws. The Libel alleges that the automobile was used in violation of Title 26, United States Code, Sections 5205 (a) (2), 5601(a) (12), 5604(a) (1), 7206(4), 7301 and 7302. The Bostick Brothers Motor Company obtained leave of Court to intervene, alleging that it is the holder of a note and security agreement executed by Dorothy Mae Bradford and Leon Shaw regarding the automobile, praying for denial of forfeiture, or if forfeiture be decreed, for remission of forfeiture to the extent of its interest in the automobile.

The parties stipulated substantially as follows, as shown by the pre-trial order filed herein:

On December 12, 1964, Dorothy Mae Bradford and Leon Shaw signed a promissory note, financing statement, security agreement and installment sales con-

tract for the sale of the above 1963 Oldsmobile, its tools and appurtenances. These documents were filed for record on December 15, 1964, by Bostick Brothers Motor Company, intervenor herein, and were in favor of said intervenor in the amount of $3,744.00. On January 6, 1965, in Oklahoma City, Oklahoma, a Federal Alcohol and Tobacco Tax Investigator and two Oklahoma City Police Department Detectives, while in the performance of their official duties, seized the said 1963 Oldsmobile, its tools and appurtenances, while being used in the transportation of two gallons of distilled spirits, the immediate containers thereof not being stamped to denote the payment of the tax thereon as required by the Internal Revenue Code. Leon Shaw did have a record for violation of the Internal Revenue Liquor laws of the United States prior to December 12, 1964, and that a "reputation" card for Dorothy Mae Bradford was on file with the local Alcohol and Tobacco Tax Unit of the Internal Revenue Service prior to December 12, 1964. Bostick Brothers Motor Company, its agents or employees did not at any time make inquiry as to the record and reputation of Leon Shaw or Dorothy Mae Bradford as required by Title 18, United States Code, Section 3617(b) (3).

The case was tried to the Court, both parties having agreed to trial without a jury.

By virtue of the Stipulation of Facts recited above and the evidence received herein, the Court finds that the 1963 Oldsmobile in question was used to transport two gallons of non-tax-paid distilled spirits in violation of Title 26, United States Code, Section 5604(a) (1) and pursuant to Title 26, United States Code, Section 7301, said 1963 Oldsmobile, its tools and appurtenances, are subject to be forfeited to the United States.

The petition in intervention of Bostick Brothers Motor Company raises the question of remission or mitigation of forfeiture. Remission or mitigation of forfeiture is governed and controlled by Section 3617 of Title 18 of the United States Code. That statute gives to the Courts, exclusive jurisdiction to remit or mitigate forfeiture, provided, the conditions precedent set forth in sub-paragraph (b) are met. That section reads in part as follows:

"If it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating the laws of the United States—has a right with respect to such vehicle, that before such claimant acquired his right under such contract or agreement, the claimant, was informed in answer to his inquiry, that the headquarters of the Sheriff, Chief of Police, Federal Internal Revenue Officer engaged in the enforcement of the liquor laws, or other principal local or federal law enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation."

■ Since it is admitted by the Stipulation herein that no inquiry was made by intervenor of any of the designated law enforcement officers as to the record or reputation of either Dorothy Mae Bradford or Leon Shaw, the Court finds that the intervenor's prayer for relief by remission of forfeiture must be denied.

■ Claimant intervenor asserts that the Court should look behind the reputation card on file with the local Alcohol and Tobacco Tax office to determine whether or not Dorothy Mae Bradford as a purchaser of this automobile actually had a reputation as contemplated by Title 18 United States Code, Section 3617(b) (3). However, the law in the Tenth Circuit clearly reflects that the

Court may not look behind the reputation card unless inquiry has been made as prescribed by the statute. In United States v. Chieftain Pontiac Company, 10 Cir., 218 F.2d 115, the Court states:

"As used in the statute, the words 'record and reputation' are words of different meaning and inquiry as to both must be made at the designated law enforcement offices. Inquiry as to only one will not authorize remission. * * * If [claimant] makes no inquiry as required by statute, he is bound by whatever answer would have been given by any of the designated law enforcement officers had inquiry been made."

See also Interstate Securities Company v. United States, 10 Cir., 151 F.2d 224; United States v. Interstate Securities Company, 10 Cir., 218 F.2d 243; and United States v. One 1957 Ford Ranchero, 10 Cir., 265 F.2d 21.

A Federal Alcohol and Tobacco Tax Investigator testified that had intervenor inquired as to the record and the reputation of Dorothy Mae Bradford and Leon Shaw prior to the sale of the automobile on December 12, 1964, his office would have informed intervenor that Leon Shaw had a record for violating the liquor laws and that Dorothy Mae Bradford had a reputation for violating the liquor laws as evidenced by her reputation card on file in his office.

Since no inquiry was made by intervenor prior to the date of sale of the automobile in question, the Court finds under the above cases that it cannot look behind the reputation card to determine the reasons for placing the reputation card of Dorothy Mae Bradford on file.

However, in any event, from the evidence presented to the Court the Court finds that Dorothy Mae Bradford did in fact have a reputation with the local Federal Alcohol and Tobacco Tax Unit prior to December 12, 1962, of being involved with illegal liquor activities.

Claimant intervenor also asserts that it was not required to inquire as to the record or reputation of Leon Shaw since he signed the note, financing statement, security agreement and installment sales contract only as an accommodation party and title to the automobile was not issued to him but was to be issued to Dorothy Mae Bradford. Apparently, the title has never been actually issued by intervenor.

The Court finds that the law in this Circuit is well settled on this point. In United States v. One 1958 Pontiac Sedan, 10 Cir., 308 F.2d 893, a co-signer of a note and chattel mortgage, Teddie Reno, was arrested while transporting non-tax-paid distilled spirits in the vehicle there in question. The title to the car was in the name of his daughter, Dorothy Reno Mobridge. The daughter co-signed the note and chattel mortgage with Teddie Reno when the vehicle was purchased and title was placed in her name. Following seizure, the daughter and a bank which was the assignee of the chattel mortgage and note, filed a claim for remission of the car. With these facts, the Court stated at page 895 of the opinion as follows:

"However the bank cannot so ignore the facts before it and use the statement of Reno that the car belonged to his daughter in order to avoid making inquiry of the proper officials. To hold otherwise would be to permit the claimant's interest to be established by deciding who was the actual owner of the car, but to decide whether the statutory inquiry had been made by using only the name appearing on the title documents, or to permit the claimant to rely only on what someone said the title document showed. This is not a consistent position on the facts nor is it in accord with the meaning and purpose of 18 U.S.C. § 3617. The statute is a remedial one and should be liberally construed, but the discretion only lies when the requirements of the statute have been met."

■■ The situation at bar is practically the same as the one involved in that case. Since no inquiry was made

as to the record of Leon Shaw who signed the note and security agreement involved herein, intervenor is bound by the answer that would have been given had inquiry been made. Moreover, the Court finds that as a co-signer of the note and security agreement with title never actually issued (and even if to be issued only to the other co-signer) the said Leon Shaw would be one having a right with respect to such vehicle arising from his signing said note and security agreement.

The Government has also brought to the Court's attention the case of United States v. One 1939 Model DeSoto, 10 Cir., 119 F.2d 516. There, the Court held that:

"Where purchaser of automobile on a conditional sales contract had a reputation with the investigators of the Alcohol Tax Unit for violating the revenue laws relating to liquor, and claimant which had bought the conditional sales contract had not made the requisite inquiry of some one of the officers enumerated in statute concerning purchaser's record or reputation, until after seizure, the District Court had no power to grant remission to claimant."

Thus, after careful review of all of the issues raised herein, the Court finds that the conditions required for remission or mitigation of forfeiture in this case have not been met. The Bostick Brothers Motor Company failed to inquire as to the record and reputation of Dorothy Mae Bradford and/or Leon Shaw prior to the sale of the automobile herein and was bound by whatever answers would have been given it as to either or both had inquiry been made.

Accordingly, the forfeiture should be sustained and the Petition of Intervention of Bostick Brothers Motor Company for Remission or Mitigation of Forfeiture should be denied.

Counsel for plaintiff will prepare an appropriate judgment based on the foregoing for signature of the Court and entry herein.